■ ALBERT SCACCIA, SR., Respondent-Appellant, v WILHELM WALLIN et al., Defendants, and ARTIE LIEBERMAN, Doing Business as ARTIE'S EXXON STATION, Appellant-Respondent. — In an action to recover damages for personal injuries, etc., based upon alleged negligence and breach of warranty, defendant Artie Lieberman, doing business as Artie's Exxon Station, appeals (1) from an order of the Supreme Court, Dutchess County (Rosenblatt, J.), dated July 19, 1982, which denied his motion for summary judgment and (2) as limited by his brief, from so much of an order of the same court (Jiudice, J.), entered January 7, 1983, as, *inter alia,* granted plaintiff's motion to amend the summons and complaint and denied defendant Artie Lieberman's, doing business as Artie's Exxon Station, cross motion for summary judgment. Plaintiff cross-appeals, as limited by his brief, from so much of the latter order as deleted Artie Lieberman, doing business as Artie's Exxon Station, as a party. Order entered January 7, 1983, reversed, on the law, without costs or disbursements, defendant Artie Lieberman's, doing business as Artie's Exxon Station, cross motion for summary judgment dismissing the complaint against him is granted, and plaintiff's motion granted to the extent that he may add Lieberman's Service Center, Inc., as a party defendant by service upon it of a supplemental summons. The appeal from the order dated July 19, 1982, is dismissed as academic, without costs or disbursements, in light of the determination on the cross appeals from the order entered January 7, 1983. Plaintiff instituted this action by service of a summons and a verified complaint, alleging four causes of action, all of which arose from an automobile accident occurring on or about March 3, 1978. Artie Lieberman, doing business as Artie's Exxon Station (Lieberman), Wilhelm Wallin, Robert R. Diehira, American Auto Parts, Inc., and Champ Carburetor Company, Inc., were named as defendants. The verified complaint alleged, *inter alia,* that Lieberman negligently inspected and installed a rebuilt carburetor in plaintiff's automobile and thereby failed to discover that the carburetor was not fit for its intended purpose. The complaint further alleged that, because of the negligent installation of the defective carburetor, plaintiff's automobile became disabled on the highway, and was thereafter hit by a second automobile owned and operated by other named defendants. As a consequence, plaintiff allegedly sustained personal injuries and property damage. Lieberman's verified answer raised four affirmative defenses, two of which are germane to this appeal, viz.: (1) the action should be dismissed for failure to join a necessary party, Lieberman's Service Center, Inc.; and (2) the court should not proceed in this party's absence. Subsequent to serving the answer, Lieberman moved for summary judgment on the grounds stated in the afore-mentioned affirmative defenses, and on the ground that the complaint failed to state a cause of action, which ground had also been asserted

as an affirmative defense. In response, plaintiff argued, *inter alia,* that the motion should be denied because Lieberman had not submitted to the "Demand to be Examined Before Trial", thereby depriving plaintiff of sufficient facts to oppose the motion. Prior to Lieberman's motion, plaintiff had moved to compel an examination before trial, which motion was still pending. By order dated July 19, 1982, Special Term denied Lieberman's motion. Special Term also ordered that plaintiff be permitted to conduct an examination before trial to determine Lieberman's corporate status. Upon completion of Lieberman's deposition, plaintiff moved for an order amending the summons and verified complaint so as to add Lieberman's Service Center, Inc., as a party defendant. Lieberman opposed the motion and cross-moved for summary judgment. By order entered January 7, 1983, Special Term granted the motion to the extent of striking from the summons and complaint Artie Lieberman, doing business as Artie's Exxon Station, and substituting as a defendant, Lieberman's Service Center, Inc. The court also directed plaintiff to serve the amended complaint within 20 days after service of a copy of the order with notice of entry. Finally, Lieberman's cross motion for summary judgment was denied. We conclude that Special Term erroneously ordered the substitution of "Lieberman's Service Center, Inc.", as a party defendant in place of "Artie Lieberman, d/b/a Artie's Exxon Station", even though the corporation does business under the name of "Artie's Exxon". As we noted in *Connell v Hayden* (83 AD2d 30, 36-37), "in the case of *Licausi v Ashworth* (78 App Div 486), this court held that a summons which named and which was served only upon an individual could not be amended so as to substitute an unnamed corporation through which the named party conducted his business * * * In order to justify the amendment of a summons in such circumstances, some apparent misdescription or misnomer must be found on the process actually served which would justify the conclusion that the plaintiff issued the process against a business entity and that the process fairly apprised the entity that plaintiff intended to seek a judgment against it". In *Jet Age Knitwear Mach. Corp. v Philip* (22 AD2d 674), cited by this court in *Connell* (*supra*), the complaint named as a defendant Morris Philip, doing business as Philip Knitting Mills. It turned out that Philip Knitting Mills was a partnership, but the court held that it was improper to amend the caption to include the partnership as a party. The court reasoned that (p 674) "[t]he description in the caption and complaint of defendant Philip as doing business under a certain style is not equivalent to including the partnership entity, although the style happens to coincide with the name of the partnership". Similarly, in the case at bar, the description in the caption of "Artie Lieberman, d/b/a Artie's Exxon Station" does not confer jurisdiction over the corporation, even though the corporation did business under the name of "Artie's Exxon". Consequently, Special Term should not have ordered the substitution. Since jurisdiction has not been acquired over the corporation, plaintiff must serve it with a supplemental summons (see *Connell v Hayden, supra,* p 37). Moreover, in view of the fact that the corporation has not yet been served, we decline to address the Statute of Limitations issue at this stage (see *Connell v Hayden, supra,* p 38). Finally, we conclude that Special Term's order, which, *inter alia,* denied Lieberman's cross motion for summary judgment, made after the completion of the court-ordered examination before trial, was error. As there is no issue of fact as to the ownership of the station, summary judgment should have been granted dismissing the complaint against Artie Lieberman, doing business as Artie's Exxon Station. Mollen, P. J., Titone, Lazer and Rubin, JJ., concur.