■ ROBERT NILSEN et al., Respondents, v CITY OF NEW YORK, Respondent, and STATEN ISLAND RAPID TRANSIT OPERATING AUTHORITY et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., the defendants Staten Island Rapid Transit Operating Authority (hereinafter SIRTOA), the New York City Transit Authority (hereinafter NYCTA), and the Metropolitan Transportation Authority of the State of New York (hereinafter MTA) appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Kuffner, J.), dated November 3, 1986, as (1) granted that branch of the motion of the defen-

dant City of New York (hereinafter the City) pursuant to CPLR 3212 which was for summary judgment dismissing the cross claims asserted against it by the defendants SIRTOA and NYCTA, (2) denied the cross motion of NYCTA, pursuant to CPLR 3212, to dismiss all claims and cross claims against it; and (3) failed, *sua sponte,* to dismiss all claims and cross claims against the defendant MTA, pursuant to CPLR 3212.

Ordered that the appeal by the MTA is dismissed, without costs or disbursements, on the ground that no relief was sought by or against this defendant and accordingly, it is not aggrieved by the order appealed from *(see,* CPLR 5511); and it is further,

Ordered that the order is modified by deleting the provisions in the first and second decretal paragraphs thereof which granted that branch of the City's motion, pursuant to CPLR 3212, which was to dismiss the cross claims asserted against it by SIRTOA and NYCTA, and by substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from by the defendants SIRTOA and NYCTA, without costs or disbursements.

The plaintiff Robert Nilsen was injured when he allegedly fell on a stairway situated between the passenger train platform at the Atlantic Avenue train station of SIRTOA and the pedestrian overhead bridge which spans the railroad tracks.

After joinder of issue in this action seeking damages for the alleged negligent failure to maintain and repair the subject stairway, the City sought dismissal of the plaintiffs' complaint and the cross claims asserted against it by the defendants SIRTOA and NYCTA. The City argued that, pursuant to a lease between itself and SIRTOA, as lessee, the latter was solely responsible for the maintenance and repair of the subject stairway. SIRTOA and the NYCTA opposed the motion and by cross motion they also sought dismissal of the plaintiffs' complaint and any cross claims asserted against them by the City. These defendants contended, in relevant part, that the stairway in question was not a part of SIRTOA's leasehold interest, and therefore, SIRTOA was not responsible for maintaining and repairing the stairway.

On this appeal, SIRTOA does not challenge the denial of its cross motion. With regard to the relief granted to the City as against SIRTOA and NYCTA, we note that the lease relied upon by the City merely recites that SIRTOA had leased all the assets that the City had acquired from the Staten Island Rapid Transit Railway Company (hereinafter Railway Company) but it makes no specific mention of the stairway in

question. Further, the indenture by which the City had acquired all the assets of the Railway Company similarly did not specifically indicate that the stairway in question was owned by the Railway Company at the time of the sale. Contrary to the holding of the Supreme Court, Richmond County, the record fails to indicate that the parties "apparently conceded" that the stairway in question was part of the property of the Railway Company, which was conveyed to the City and leased to SIRTOA. Indeed, there is a question of fact with regard to this issue which cannot be resolved on the documents submitted at the Supreme Court. Accordingly, since the record does not conclusively establish, as between the defendants, the responsibility for the maintenance and repair of the subject stairway, that branch of the City's motion which was to dismiss the cross claims asserted against it by SIRTOA and NYCTA should have been denied.

With respect to NYCTA's request for summary judgment in its favor, we note that no evidence was submitted at the Supreme Court indicating that it had no connection with the maintenance and repair of the subject stairway, and, accordingly, such relief was properly denied at that juncture. Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.