■ VICTORIA WISE, Appellant, v AARON GREENWALD et al., Doing Business as NORTHWAY FAMILY DENTALCARE, Respondents. [598 NYS2d 600] —Harvey, J. Appeals from two orders of the Supreme Court (Keegan, J.), entered January 15, 1992 and October 13, 1992 in Albany County, which denied plaintiff's motions for, *inter alia,* leave to serve an amended complaint.

On March 7, 1988, plaintiff went for treatment of a toothache to Northway Family Dentalcare, a facility offering dental services located in Northway Mall in the Town of Colonie, Albany County. Northway Family Dentalcare was owned by Family Dental Care, P. C., a professional corporation solely owned and operated by defendant Michael Kole. Plaintiff was treated that day by defendant Aaron Greenwald. As a result of allegedly negligent services rendered by Greenwald, plaintiff commenced this action in September 1988 seeking compensation for her claimed damages. The first cause of action in the complaint alleged dental malpractice on the part of both defendants. The second cause of action alleged that Kole negligently hired Greenwald and negligently failed to terminate his employment.[1] The deposition of Kole was taken in 1991, wherein he stated that Greenwald had been hired as an independent contractor. Subsequently, on June 6, 1991, plaintiff moved to amend her complaint to add Family Dental Care, P. C. as a named defendant and to add a new cause of action for vicarious liability. Supreme Court denied both that motion and plaintiff's subsequent motion for renewal or reargument or, alternatively, for permission to add more specific allegations to her complaint.[2] Plaintiff now appeals from the orders denying both motions.

We affirm. While permission to amend a complaint should

[1]. It should be noted that Greenwald did not appear in this action. By order dated May 31, 1989, a Bankruptcy Court Judge held that Greenwald was afforded a stay pursuant to 11 USC § 362, although plaintiff was nevertheless permitted to depose him.

[2]. To the extent the second decision of Supreme Court can be considered a denial of a motion to reargue it is unappealable *(Stancage v Stancage,* 173 AD2d 1081, *appeal dismissed, lv denied* 78 NY2d 1062). However, because it appears that the motion also requested additional CPLR 3025 relief there is no need to dismiss the appeal.

be freely given (CPLR 3025 [b]), under the circumstances presented in this case we find no abuse of Supreme Court's considerable discretion in the denial of this request *(see, Polak v Schwenk,* 115 AD2d 142). The only explanation for the lengthy delay in making the motion is the weak excuse that plaintiff changed attorneys in 1990. There was no reasonable excuse offered as to why plaintiff's original attorneys did not make the motion or why her new attorneys waited over nine months before they made the motion. Moreover, not only has plaintiff failed to proffer an affidavit of merit offering first-hand knowledge of the facts, but there is also no indication that plaintiff was not aware of the facts of the proposed cause of action at the time of the original pleadings *(see, supra,* at 143). It is apparent from plaintiff's December 1988 bill of particulars that a respondeat superior claim was contemplated, although no actual attempt to amend the pleadings was made until years later. Therefore, while Kole might not have been technically surprised by plaintiff's motion to amend, this does not mean that defendants would not be otherwise prejudiced by the delay in acquiring evidence necessary to defend the claim. The lack of any demonstrated merit of the claim and the lack of a reasonable excuse for the delay *(see, Mathiesen v Mead,* 168 AD2d 736, 737) adequately support Supreme Court's exercise of discretion.

As for the denial of plaintiff's motion to amend the complaint to add a new defendant, we are in similar agreement with Supreme Court. It is well settled that an amended complaint must relate back and speak to the issues in the original complaint *(see, Abrams v Community Servs.,* 76 AD2d 765). As a result, the acts alleged against Family Dental Care, P. C., which according to the complaint occurred in March 1988, were barred by the 2½-year Statute of Limitations for a dental malpractice action *(see,* CPLR 214-a). The caption in this case only names Michael Kole, doing business as Northway Family Dentalcare, and as such does not confer jurisdiction over the corporation Family Dental Care, P. C. *(see, Scaccia v Wallin,* 99 AD2d 801, 802). Moreover, because it appears that Kole and Family Dental Care, P. C. would have different defenses from each other in this action, it cannot be said that the two are so united in interest (CPLR 203 [b]) that service upon one was tantamount to service on the other.

Weiss, P. J., Yesawich Jr., Crew III and Mahoney, JJ., concur. Ordered that the orders are affirmed, with costs.