■ AUTOMATIC FINDINGS, INC., et al., Appellants, et al., Plaintiff, v ALLIED OUTDOOR ADVERTISING, INC., et al., Respondents, et al., Defendants. ATLANTIC COMPANIES, as Subrogee of AUTOMATIC FINDINGS, INC., Plaintiff, and AUTOMATIC FINDINGS, INC., Appellant, v ALLIED OUTDOOR ADVERTISING, INC., Respondent. [625 NYS2d 220] —Order and judgment (one paper), Supreme Court, New York County (Martin B. Stecher, J.), entered on or about June 29, 1993, which to the extent appealed from, held that money damage claims for lost business and profits arising out of a November 1986 fire were barred by article 55 of the lease and refused to allow plaintiffs to assert money damage claims for lost business and profits arising out of the September 1985 and February 1986 flooding on the ground that such water damage claims were the subject of a separate action; and order, same court and Justice, entered August 25, 1994, which to the extent appealed from partially granted defendants' motion for summary judgment, granted partial clarification of the court's prior decisions and orders, and denied plaintiffs' cross-motion for leave to amend their complaint; and judgment of said court and Justice, entered thereon on October 20, 1994; and in a related action, order, same court (Karla Moskowitz, J.), entered January 20, 1994, which denied plaintiff's motion to amend its complaint to add causes of action for fraud and for reformation of the lease and to increase the ad damnum by $10,000,000; and order, same court and Justice, entered March 31, 1994, which granted reargument, and upon reargument, adhered to the original decision except to correct the date plaintiff had changed counsel, unanimously affirmed, with one bill of costs.

Justice Stecher properly determined that article 55 of the

lease, which shielded defendant/landlord from liability for losses, including lost profits, by requiring plaintiff/tenant to procure insurance, did not violate General Obligations Law § 5-321 (see, Hogeland v Sibley, Lindsay & Curr Co., 42 NY2d 153, 161). Contrary to plaintiff's contention, there was no evidence of overreaching or unconscionability (see, Board of Educ. v Valden Assocs., 46 NY2d 653, 657). As the issue of liability for lost profits under the lease was fully litigated in the action based on the fire loss, the doctrine of collateral estoppel precludes claims for lost profits in the action based on the flood loss (see, D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664).

The court also properly denied motions to amend the complaints due to prejudice to defendant for unreasonable delays (see, Adams Drug Co. v Knobel, 129 AD2d 401, 404). Retention of new counsel herein was an inadequate excuse for the delay (see, Wise v Greenwald, 194 AD2d 850, 851). Further, the proposed amendments in the flood action did not relate back to the original complaint and were thus barred by the Statute of Limitations (see, Alpert v Shea Gould Climenko & Casey, 160 AD2d 67, 72-73).

We have considered plaintiffs' remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Tom, JJ.