Walter Florek, Respondent,
against
Adrian King, Doing Business as KINGS KITCHEN RIDGEWOOD, INC., Appellant. KINGS KITCHEN RIDGEWOOD, INC., Nonparty-Appellant.



Appeals from a final judgment of the Civil Court of the City of New York, Queens County (Terrence C. O'Connor, J.), entered August 19, 2014, and an order of the same court dated September 23, 2014. The final judgment, after a nonjury trial, awarded landlord possession and arrears of $23,000 as against "King, Adrian D/B/A Kings Kitchen Ridgewood Inc." in a nonpayment summary proceeding. The order denied the branch of a motion by Adrian King and nonparty Kings Kitchen Ridgewood, Inc. seeking to set aside the final judgment, and, in effect, denied as unnecessary so much of the motion as was made by nonparty Kings Kitchen Ridgewood, Inc. seeking to open its default and to allow it to interpose an answer.




ORDERED that so much of the appeal as was taken by nonparty Kings Kitchen Ridgewood, Inc. from the final judgment is dismissed; and it is further,
ORDERED that the final judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition; and it is further,
ORDERED that so much of the appeal as is from the portion of the order that denied the branch of the motion seeking to set aside the final judgment is dismissed, in view of the reversal of the final judgment; and it is further,
ORDERED that the order, insofar as reviewed, is affirmed, without costs.
In this commercial nonpayment proceeding, the petition and the notice of petition name the respondent as "Adrian King D/B/A Kings Kitchen Ridgewood Inc." After the Civil Court had granted an unopposed motion by Adrian King to vacate a default final judgment and for leave to interpose an answer, a nonjury trial was held, at which a copy of the lease was introduced into evidence. The lease listed the tenant as "Kings Kitchen Ridgewood Inc." and was signed by Adrian King. Following the trial, the court entered a final judgment awarding landlord possession and arrears of $23,000 as against "King, Adrian D/B/A Kings Kitchen Ridgewood Inc." Thereafter, the court denied the branch of a motion by Adrian King and Kings Kitchen Ridgewood, Inc. seeking to set aside the final judgment and, in effect, denied as unnecessary so much of the motion as was made by Kings Kitchen Ridgewood, Inc. seeking to open its default and allow it to interpose an answer, stating that the corporation's default had already been opened.
A description in a summons or notice of petition of an individual doing business as a [*2]corporation does not confer jurisdiction over the corporation (see Scaccia v Wallin, 99 AD2d 801, 802 [1984]). Thus, Kings Kitchen Ridgewood, Inc. was not a party to this proceeding and its appeal from the final judgment must be dismissed, as it is not aggrieved by the final judgment, which must be deemed to have awarded no relief against it (see CPLR 5511; Nilsen v City of New York, 138 AD2d 581 [1988]). Furthermore, it was landlord's burden to prove at trial that the party that landlord had sued, Adrian King, was the tenant under the lease and that he owed rent "pursuant to the agreement under which the premises are held" (RPAPL 711 [2]; see 329 Union Bldg. Corp. v LoGuidice, 47 Misc 3d 1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Landlord failed to demonstrate that King was a tenant in his individual capacity. The lease which landlord submitted into evidence clearly names only "Kings Kitchen Ridgewood Inc." as tenant. Indeed, the lease contains a "Good Guy Guarantee," pursuant to which King guaranteed the payment of all rent so long as Kings Kitchen Ridgewood, Inc. remained in possession of the demised premises. While King apparently affixed his initials to the lease over the word "Tenant," landlord did not present "clear and explicit evidence" (Salzman Sign Co. v Beck, 10 NY2d 63, 67 [1961] [internal quotation marks omitted]; see Weinreb v Stinchfield, 19 AD3d 482, 483 [2005]) tending to demonstrate that this was done to bind King individually as a tenant, rather than in his capacity as president of the corporation, and landlord presented no other evidence to establish that King was a tenant under the lease.
In view of the foregoing, and inasmuch as jurisdiction over Kings Kitchen Ridgewood, Inc., the only tenant named in the lease, was not obtained, this proceeding does not lie (see Kimball Ave. Assoc., LLC v Walsh, 43 Misc 3d 135[A], 2014 NY Slip Op 50660[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]).
Accordingly, so much of the appeal as was taken by nonparty Kings Kitchen Ridgewood, Inc. from the final judgment is dismissed; the final judgment is reversed and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition; so much of the appeal as is from the portion of the order that denied the branch of the motion seeking to set aside the final judgment is dismissed, in view of the reversal of the final judgment; and the portion of the order which, in effect, denied as unnecessary so much of the motion as was made by nonparty Kings Kitchen Ridgewood, Inc. seeking to open its default and allow it to interpose an answer, on the ground that the corporation's default had already been opened, is affirmed, albeit on the different ground that Kings Kitchen Ridgewood, Inc. was not a party to the proceeding and was not in default.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: October 31, 2016