■ In the Matter of the Liquidation of UNION INDEMNITY INSURANCE COMPANY OF NEW YORK. SUCCESS CONSTRUCTION CORP., Appellant, v SUPERINTENDENT OF INSURANCE, Respondent. [633 NYS2d 788] —Order and judgment (one paper), Supreme Court, New York County (Ira Gammerman, J.), entered January 27, 1995, which granted summary judgment in favor of respondent Superintendent of Insurance, as Liquidator of Union Indemnity Insurance Company of New York ("Union Indemnity"), dismissing the claim of Success Construction Corp. ("Success") against the payment and performance surety bond in the principal sum of $195,000 issued by Union Idemnity on behalf of Artex Industries, Inc. ("Artex"), unanimously affirmed, without costs.

The IAS Court properly determined that respondent was

discharged from any liability to claimant, as a matter of law, under the payment and performance bond by the material alterations to the Artex subcontract made by Success and Artex, without the consent of surety Union Indemnity. A creditor and debtor may not alter the surety's undertaking to cover a different obligation without the surety's consent, and, if they do so, the surety is discharged (*Bier Pension Plan Trust v Estate of Schneierson*, 74 NY2d 312, 315). Under construction contracts specifically making allowances for alterations during the progress of the work, changes not fairly within the contemplation of the parties at the time the original contract was made, constituting a material departure from the original undertaking, will therefore release a nonconsenting surety from obligations under its bond (*see, United States v Freel*, 186 US 309, 316; *United States v Reliance Ins. Co.*, 799 F2d 1382, 1386; *Massachusetts Bonding & Ins. Co. v Thompson Co.*, 88 F2d 825, 829, *cert denied* 301 US 707).

In the case at bar, nonconsenting surety Union Indemnity was therefore discharged from any obligations under its bond by the issuance of Change Orders 2 and 3 by claimant Success, which materially altered the terms of its original contract with Artex and substantially expanded the scope of its work to include stonework in the lobby and atrium of the construction site. This work was not contemplated and was, in fact, specifically excluded under the original contract, and it increased the contract price by $350,000.

Success relies upon *Matter of Union Indem. Ins. Co. (Solco Plumbing Supply)* (199 AD2d 209, *lv dismissed in part and denied in part* 83 NY2d 944, *rearg denied* 84 NY2d 851), wherein this Court, in a proceeding involving a different claimant in the same liquidation proceeding at issue herein, held that a supplier's acceptance of promissory notes from a contractor and its failure to accelerate payment upon the contractor's default did not result in an extension of the contractor's time of payment beyond that specified or contemplated by the guaranty so as to discharge the surety. However, such reliance is misplaced. In *Solco*, this Court merely held that the rule of *strictissimi juris* should not be rigidly applied to a mere modification of payment terms which did not extend Union Indemnity's liability beyond the terms of the bond, since the bond at issue was silent as to any requirement with respect to the terms of payment of the clearly articulated contracts between the principal and its laborers and materialmen, and did not provide for notice to the surety regarding the default of the principal (*supra*, at 211). The exception to the general rule

established in the *Solco* decision is therefore inapplicable herein where claimant Success, by amending the contract to include previously excluded work and substantially increasing the contract price, materially altered the underlying obligation and the risk undertaken, thus severely prejudicing the surety. Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Nardelli, JJ.