■ HARTFORD FIRE INSURANCE COMPANY, Appellant-Respondent, v FACILITIES DEVELOPMENT CORPORATION et al., Respondents-Appellants. (And Two Other Related Actions.) [671 NYS2d 793] —Peters, J. Cross appeals from an order of the Supreme Court (Canfield, J.), entered January 27, 1997 in Albany County, which denied defendants' motions and plaintiff's cross motion for summary judgment.

On October 21, 1992, defendant Facilities Development

Corporation (hereinafter FDC) entered into a written contract with defendant Rumore Construction Corp. to act as its general contractor on one of its capital improvement projects. By the terms thereof, Rumore was obligated to perform only 25% of the work with its own employees and supervise the work of all subcontractors.

In connection therewith, Rumore was bonded by plaintiff by a performance bond and a materials and labor bond for over $1.8 million. The performance bond provided, *inter alia*, that plaintiff would act as a surety for Rumore and would commence completion of the project within 20 days of notice that Rumore had failed to complete the job as detailed in the contract. The performance bond further provided, in relevant part, that plaintiff "stipulates and agrees that no change[,] extension, alteration or addition to the terms of this said contract or specifications accompanying the same, shall in any wise [sic] affect its obligation of this bond". It further waived "notice of any such change, extension, alteration or addition". The labor and materials bond provided, *inter alia*, that plaintiff would act as a surety for Rumore in the payment of the subcontractors. Notably, the contract provided that Rumore could assign its right to receive payments from FDC. With these provisions in place, it is undisputed that there was no obligation in either the contract or the performance bond to keep plaintiff apprised of the progress on the project or of FDC's satisfaction with the work performed by Rumore. The performance bond did, however, provide that in the event that FDC decided to terminate Rumore's employment or cancel the contract, plaintiff must be given notice of such intention, with an opportunity to be heard prior to such termination or cancellation.

York Hunter Full Spectrum Hill Slater, a joint venture, was hired by FDC as a consultant and engineer on this project. Shortly after Rumore commenced work, York Hunter found its performance and work unacceptable. After several meetings were held to remedy the situation, a stop-work order was issued to Rumore on November 11, 1993. Evidence in the record indicates that prior to such time, plaintiff was copied on a letter sent from York Hunter to Rumore advising Rumore that if it failed to complete the work on schedule, a conference would be held regarding the termination of the contract. At a conference held on November 15, 1993, between York Hunter, Rumore and defendant R & A Construction Company, one of the subcontractors, Rumore proposed that R & A repair and complete the majority of Rumore's remaining work on this

contract. Rumore further agreed that all future payments from FDC be sent directly to R & A, payable jointly to both Rumore and R & A and that an amended subcontract and "workout agreement" be prepared and signed. The record does not reflect that plaintiff was informed of such meeting or the execution of the amended subcontract and workout agreement.

Pursuant to the terms of these documents and as specifically reflected in the resume-work order, R & A was now to act "IN PLACE OF RUMORE * * * IN THE CAPACITY OF 'PRIME CONTRACTOR', RELATIVE TO THE PERFORMANCE OF RUMORES' [SIC] WORK AND THE WORK OF ALL OF RUMORE['S] * * * OTHER SUBCONTRACTORS". Moreover, R & A was required to assign a full-time employee to "supervise the work to be performed pursuant to the assigned subcontracts". Finally, it specified that "all * * * terms and conditions of the contract between Rumore and FDC remain in full force and effect without any waiver by either party of its rights or obligations in connection therewith".

Work on this project continued in an unsatisfactory manner. On June 21, 1993 FDC, through York Hunter, commenced official termination of Rumore's contract and informed plaintiff of its action. At a hearing before an FDC hearing officer, Rumore was declared to be incompetent and plaintiff was ordered to commence work on the project within 20 days pursuant to the terms of the performance bond. Plaintiff thereafter commenced this action for a declaratory judgment contending that it was no longer obligated on these bonds due to a material change in the underlying contract. FDC and R & A separately moved for summary judgment contending that neither the amendment to the subcontract nor the workout agreement constituted a material change in the underlying contract so as to release plaintiff from its obligation because FDC was not a party to those agreements. After a cross motion for summary judgment by plaintiff and the denial of all motions by Supreme Court, all parties appealed.* We affirm.

While we find that plaintiff failed to proffer sufficient evidence to support its contention that there was a novation of the original contract (see, Callanan Indus. v Micheli Contr. Corp., 124 AD2d 960), sufficient factual issues have been raised as to whether there was a material alteration of the original contract between plaintiff and Rumore by Rumore's and R & A's subsequent amendment to the subcontract and, more importantly, the execution of the workout agreement. While these alterations support the contention that the obligation of

---

* The cross appeals between plaintiff and R & A have been subsequently withdrawn.

plaintiff, as surety, was discharged (*see, Bier Pension Plan Trust v Estate of Schneierson*, 74 NY2d 312), they must be tempered by the provision in plaintiff's contract that it need not be advised of changes, alterations, extensions or additions to its terms (*see, First Am. Bank v Builders Funding Corp.*, 200 AD2d 946), especially if such change was "fairly within the contemplation of the parties at the time the original contract was made" (*Matter of Union Indem. Ins. Co. [Corcoran—43 W. 61st St. Assocs.]*, 234 AD2d 120, 122; *see, Matter of Union Indem. Ins. Co.*, 220 AD2d 339). With these issues outstanding, any summary determination would have been improper.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the order is affirmed, without costs.