■ NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Appellant, v KOREN-DiRESTA CONSTRUCTION Co., INC., et al., Respondents, et al., Defendant. [671 NYS2d 738] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered January 28, 1997, and judgment, same court and Justice, entered April 21, 1997, which dismissed the complaint as against defendants Seaboard Surety Company, Inc. and American Reinsurance Co., Inc. and dismissed the first, second and third causes of action as against defendant Koren-DiResta Construction Co., Inc. (Koren-DiResta), unanimously affirmed, with costs.

Plaintiff, in the course of terminating the services of defendant general contractor Koren-DiResta, executed an agreement with Koren-DiResta setting forth the terms of the termination, which agreement included an extremely broad release in favor of the contractor. Plaintiff would now have the release set aside so as to assert various claims respecting Koren-DiResta's performance under the construction contract pursuant to which Koren-DiResta had rendered services to plaintiff. However, paragraph 11 of the termination agreement expressly provides that "[t]his Agreement constitutes the parties' entire understanding in respect to the termination of the Contract. All prior discussions and negotiations are merged into this Agreement, which may not be altered except by writing executed by the parties", and the complaint is devoid of specific factual allegations detailing the underlying circumstances of the misrepresentations alleged to warrant the relief sought. While a release may be avoided if shown to have been obtained through fraud or duress (see, Fleming v Ponziani, 24 NY2d 105, 111; Bloss v Va'ad Harabonim of Riverdale, 203 AD2d 36, 37), plaintiff's conclusory allegations of fraudulent inducement are insufficient to overcome the unambiguous language of the termination agreement and particularly of its release (see, Fleming v Ponziani, supra). Moreover, plaintiff would further be required to demonstrate that its reliance upon those representations had been reasonable (Stuart Silver Assocs. v Baco Dev. Corp., 245 AD2d 96, 98), and that is a condition which cannot be met where, as here, "a party has the means to discover the true nature of the transaction by the exercise of

ordinary intelligence, and fails to make use of those means" (*supra,* at 98-99).

With respect to the IAS Court's dismissal of the complaint as against the sureties, since it is well-settled that suretyship is a contractual relationship, and, accordingly, that the creditor and the principal debtor may not alter the surety's undertaking without the surety's consent (*see, Bier Pension Plan Trust v Estate of Schneierson,* 74 NY2d 312, 315; *Matter of Union Indem. Ins. Co.,* 220 AD2d 339, 340), to the extent that the termination agreement purported to effect just such an alteration, it was powerless thereby to adversely affect the liability of the sureties. The complaint against the sureties, hinging as it did upon the validity of the termination agreement's revision of the sureties' undertakings, was properly dismissed.

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Ellerin, Wallach, Williams and Mazzarelli, JJ.