■ U.W. MARX, INC., Individually and as Assignee of KLEEN RESOURCES, INC., Respondent, v MOUNTBATTEN SURETY COMPANY, INC., Appellant. (And a Third-Party Action.) [736 NYS2d 137] —Mercure, J.P. Appeals (1) from an order of the Supreme Court (Ceresia, Jr., J.), entered February 15, 2001 in Rensselaer County, which, inter alia, granted plaintiff's motion for partial summary judgment on the issue of liability, and (2) from an order of said court, entered June 26, 2001 in Rensselaer County, which, inter alia, denied defendant's motion for leave to amend its answer.

On January 16, 1996, Kleen Resources, Inc. and plaintiff entered into a written agreement forming a joint venture of the two companies for the purpose of bidding on certain contracts with the Office of General Services (hereinafter OGS) for the installation and replacement of underground petroleum tanks at facilities throughout the State. Pursuant to the terms of the agreement, plaintiff was to supply the bonds necessary to underwrite the bids, while Kleen would be responsible for performing the actual work under the OGS contract. The joint venture was a successful bidder and, in February 1996, it entered into a contract with OGS for the performance of project 02000-J (hereinafter the OGS contract).

Plaintiff and Kleen thereafter negotiated a second agreement (hereinafter the May 1, 1996 contract), by its express terms superseding all prior agreements between them and more clearly defining the rights and responsibilities of each of them and of the joint venture with regard to performance of the OGS contract. In order to assure plaintiff that Kleen would complete the OGS contract, Kleen agreed to provide plaintiff with "Labor and Material Performance Bonds in [$1 million] increments for the life of the [OGS] contract." Although bearing the date of April 24, 1996, the date on which the agreement was executed by plaintiff's president, Peter Marx, the May 1, 1996 contract was not accepted by Kleen and executed by its vice president, Robert Noel, until May 1, 1996.

Also on May 1, 1996, Kleen obtained from defendant a performance bond in the amount of $1,356,500 (hereinafter the performance bond) naming the joint venture as obligee, guaranteeing Kleen's performance of a "written agreement dated May 1, 1996, entered into * * * with [the joint venture] for Tank Removal and Installation on NYS-OGS Project #02000-J" and incorporating the OGS contract by reference. The performance bond further provided that it would "remain in full force and effect" until Kleen's successful completion of the OGS contract, as was confirmed by subsequent communica-

tions between Kleen and defendant's signatory on the performance bond.

In 1998, problems began to surface regarding Kleen's performance of the OGS contract. Kleen thereafter acknowledged its default, the joint venture was terminated, and Kleen assigned its rights and interests in the joint venture to plaintiff. Plaintiff thereafter completed performance of the OGS contract and sought payment from defendant on the performance bond. Upon defendant's refusal, plaintiff commenced this action to recover for defendant's breach of its contractual obligations under the performance bond. Following joinder of issue, plaintiff moved for partial summary judgment on the issue of liability and defendant cross-moved for summary judgment dismissing the complaint. By order entered February 15, 2001, Supreme Court, inter alia, granted plaintiff partial summary judgment on the issue of liability. Following plaintiff's filing of a note of issue and certificate of readiness and a substitution of counsel for defendant, defendant moved to, inter alia, amend its answer so as to plead a number of affirmative defenses and counterclaims predicated on plaintiff's alleged diversion of trust funds in violation of Lien Law article 3-A. Finding the proposed amendments to be lacking in merit, Supreme Court denied the motion by order entered June 26, 2001. Defendant appeals both orders.

We first conclude that Supreme Court did not err in granting plaintiff partial summary judgment on the issue of liability. In our view, there is no merit to the contention that, because the May 1, 1996 agreement referenced in the performance bond never came into being, the performance bond is a nullity. To the contrary, Supreme Court was correct in its legal conclusion that the contract referenced by the performance bond was in fact the May 1, 1996 contract. Plaintiff's prima facie evidentiary showing, consisting of deposition testimony of the two signatories to the contract, was not opposed by any competent evidence in the record, thereby warranting the grant of partial summary judgment in favor of plaintiff (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325).

Also lacking in merit is the contention that defendant's liability is limited to the "first phase of jobs" to be performed by Kleen on the OGS contract. By its own clear and unequivocal terms, the performance bond was to remain in full force and effect until Kleen fully performed under the OGS contract. The fact that the May 1, 1996 agreement originally envisaged a series of $1 million performance bonds cannot change the terms of the bond that was actually issued. Further, as earlier noted,

post-issuance communications from defendant's signatory on the performance bond confirmed that the performance bond was to remain in effect until completion of the OGS contract. Considering that performance bonds are to be liberally construed in favor of the obligee (*see, Johnson City Cent. School Dist. v Fidelity & Deposit Co. of Md.*, 226 AD2d 990, 992-993), the record clearly supports Supreme Court's conclusion that defendant had a continuing obligation on the bond.

Turning briefly to the appeal from the June 26, 2001 order, we note that the decision whether to permit an amendment to a pleading is one that lies in the discretion of the trial court and " 'the exercise of [such discretion] will not lightly be set aside' " (*Christenson v Gutman*, 249 AD2d 805, 808, quoting *Mathiesen v Mead*, 168 AD2d 736, 736). Further, a trial court's denial of leave to amend will not be disturbed where, as in this case, the amendment is sought after an inordinate delay and the facts underlying the amendment have been available for some time (*see, Rayco of Schenectady v City of Schenectady*, 267 AD2d 664, 666). Here, defendant offers no excuse for its failure to seek the amendment at an earlier date and this Court has repeatedly rejected efforts to place the blame for such failure on former counsel (*see, Murray-Gardner Mgt. v Iroquois Gas Transmission Sys.*, 251 AD2d 954, 956; *Wise v Greenwald*, 194 AD2d 850, 851). In any event, we agree with Supreme Court's conclusion that the proposed amendment was lacking in merit. Defendant has come forward with no competent evidence of any diversion of trust funds and, since defendant is not a statutory beneficiary of any trust imposed under Lien Law § 70, it appears to lack standing to contest any such diversion (*see, Lien Law § 71 [4]; General Crushed Stone Co. v State of New York*, 23 AD2d 250, 252, *revd on other grounds* 19 NY2d 737).

Defendant's remaining contentions are either unpreserved for our consideration or have been considered and found to be lacking in merit.

Crew III, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the orders are affirmed, with costs.