■ U.W. MARX, INC., Individually and as Assignee of KLEEN RESOURCES, INC., Respondent-Appellant, v MOUNTBATTEN SURETY COMPANY, INC., Appellant-Respondent. (And a Third-Party Action.) [770 NYS2d 777]—

Lahtinen, J. (1) Cross appeals from that part of an order of the Supreme Court (Ceresia, Jr., J.), entered July 23, 2002 in Rensselaer County, which partially granted plaintiff's motion for summary judgment on the issue of damages and partially denied defendant's motion for summary judgment, (2) appeal from the judgment entered thereon, (3) appeal from an order of said court, entered October 23, 2002 in Rensselaer County, which, upon reargument, adhered to its prior decision, (4) appeal from an order of the Supreme Court (Hummel J.), entered January 6, 2003 in Rensselaer County, upon a decision of the

court in favor of plaintiff on the issue of damages, and (5) appeal from the judgment entered thereon.

Plaintiff sued defendant for allegedly breaching its obligation under a performance bond. We previously upheld an order granting plaintiff partial summary judgment on the issue of liability and denying defendant's motion to amend its answer (290 AD2d 621 [2002]). In these appeals from various orders and judgments awarding damages, defendant urges that the damages awarded by Supreme Court were excessive and plaintiff counters that they were inadequate.

Plaintiff and Kleen Resources, Inc. formed a joint venture in 1996 to bid on a multimillion dollar contract with the Office of General Services (hereinafter OGS). Their bid was accepted and, under the joint venture terms, plaintiff agreed to procure the bonding required by OGS for the project and Kleen promised to complete all the work. As part of their agreement, plaintiff required Kleen to provide a performance bond, which it obtained from defendant. Defendant's bond, in the sum of $1,356,000, named Kleen as the contractor and the joint venture as the obligee. With respect to compensation under the terms of the joint venture agreement, plaintiff was to receive 8% of all contract payments made by OGS, and Kleen was to receive all funds left after paying suppliers, subcontractors, its payroll and the 8% to plaintiff.

Plaintiff obtained the bonding required by OGS, thus satisfying its obligation under the joint venture agreement. Moreover, for the first couple of years as payments were made under the OGS contract, plaintiff received 8% from the joint venture for a total of $646,130. In 1998, however, plaintiff discovered that Kleen could not account for $658,759 that had been received under the OGS contract. Kleen then defaulted on its promise to perform all the work on the OGS project and assigned its rights in the joint venture to plaintiff.

Plaintiff demanded that defendant honor the performance bond. Defendant refused, resulting in plaintiff undertaking to complete the OGS contract for the joint venture. At the time Kleen defaulted, subcontractors were reportedly owed $272,097 by the joint venture. Plaintiff assumed responsibility for those claims and, additionally, allegedly expended substantially more to complete the OGS contract than it received in remaining payments from OGS. Plaintiff brought this action against defendant and successfully moved for summary judgment on the issue of liability.

The parties stipulated that the damages could be decided by Supreme Court on submitted papers. Defendant argued that

plaintiff was not entitled to any damages and plaintiff sought damages as follows:

| | |
|---|---|
| Labor, materials, additional bonding and insurance to complete the OGS contract | $ 2,016,755.44 |
| Overhead at 10% of prior number | +   201,675.54 |
| Subtotal I | $ 2,218,430.98 |
| Profit at 10% of subtotal I | +   221,843.10 |
| Subtotal II | $ 2,440,274.08 |
| Minus payments by OGS to plaintiff | ($1,844,786.75) |
| Subtotal III | $   595,487.33 |
| 8% fee under joint venture agreement | +   212,767.19 |
| Subcontractor's claims at time Kleen defaulted | +   272,097.43 |
| Subtotal IV | $ 1,080,351.95 |
| Statutory interest of $49,090.21 on the 8% fee and of $186,686.40 on the OGS payment shortfall | +   235,776.61[1] |
| Total alleged damages | $ 1,316,128.56 |

Supreme Court (Ceresia, Jr., J.), found a factual issue requiring a trial as to the claim for overhead costs (i.e., $201,675.54), did not allow the claim for profit (i.e., $221,843.10), and did not allow the amount for the subcontractors' claims at the time Kleen defaulted (i.e., $272,097.43). The court otherwise accepted plaintiff's damages and, thus, granted judgment in the amount of $620,512.49, plus postdecision interest of $20,809.[2] After granting reargument to plaintiff regarding dismissal of the amounts owed subcontractors, Supreme Court adhered to its decision regarding such issue. Following a trial on the issue of additional overhead expenses incurred by plaintiff, Supreme Court (Hummel, J.) awarded plaintiff a further judgment of

---

1.   There is some discrepancy in the record regarding the amount of interest claimed. These were the amounts used by Supreme Court and they are not contested on appeal. Plaintiff initially sought additional interest on the amount owed subcontractors (which Supreme Court denied) and the amount for overhead (which was decided subsequently).

2.   Supreme Court's decision and order was rendered in July 2002 and judgment was entered in February 2003.

$165,414, plus statutory interest of $67,792.98. These appeals ensued.

The purpose of a performance bond is to insure that a contract will be completed consistent with its terms (*see Matter of Cataract Disposal v Town Bd. of Town of Newfane,* 53 NY2d 266, 271 [1981]). "[A] surety bond attaches to the principal contract and must be construed in conjunction with it" (*Carrols Equities Corp. v Villnave,* 57 AD2d 1044, 1045 [1977], *lv denied* 42 NY2d 810 [1977]). In the event of a contractor's default, the surety's obligation is to either complete the work or to pay the obligee the amount necessary for it to have the contract completed (*see United States v Seaboard Sur. Co.,* 817 F2d 956, 959 [1987], *cert denied* 484 US 855 [1987]). Liability of the surety is generally limited to the amount of the bond and as provided in the contract (*see Tri-City Elec. Co. v People,* 63 NY2d 969, 971 [1984]; *Mendel-Mesick-Cohen-Architects v Peerless Ins. Co.,* 74 AD2d 712, 712-713 [1980]). Where, as here, the surety fails to perform after the contractor defaults, the surety's liability may include the cost of completion, as well as damages flowing from its breach (*see Hunt v Bankers & Shippers Ins. Co.,* 73 AD2d 797 [1979], *affd* 50 NY2d 938 [1980]; 4 NY Prac, Commercial Litigation in New York Courts § 65.7; 11 NY Jur 2d, Bonds § 119).

Defendant argues that plaintiff was not entitled to any damages because the joint venture (i.e., the obligee) allegedly impaired defendant's collateral security. Defendant asserts such impairment in the failure to account for $658,759 in payments received from OGS (i.e., the amount for which Kleen could not account) and by making payments to plaintiff of $646,130 (i.e., the 8% fee prior to Kleen's default). However, this argument was not preserved for review by the record. Defendant has attempted to address its omission by providing this Court with copies of memoranda of law it submitted to Supreme Court. Those memoranda speak primarily to an alleged diversion of trust funds under Lien Law article 3-A, which is an argument that defendant previously attempted to interject via an amended answer. Supreme Court denied defendant's motion to so amend its answer and we affirmed that denial (290 AD2d 621 [2002], *supra*).

Even if the argument had been properly preserved, we would find it unpersuasive. There was no showing that the payments to plaintiff were made for a fraudulent or other improper reason and the periodic making of such payments was consistent with a reasonable interpretation of the terms of the joint venture agreement (which was incorporated by reference in the

performance bond). The improper diversion of funds by Kleen, whose performance defendant had bonded, constituted a breach of the agreement and provided the basis to terminate the joint venture. The diversion was neither consistent with nor reasonably attributable to the joint venture and, thus, cannot serve as a basis to discharge defendant's obligation under the bond.

Nor do we find error in the award of overhead expenses to plaintiff. This represents an actual cost incurred by plaintiff in completing the contract following Kleen's default on its obligations and defendant's breach of the performance bond. Overhead costs are a proper element of damages when amply supported by evidence in the record (cf. *Whitmyer Bros. v State of New York,* 47 NY2d 960, 962 [1979]). Here, plaintiff presented evidence through its financial statements, the testimony of its accountant and the testimony of its vice-president establishing that the reasonable overhead associated with plaintiff completing the OGS project was $165,414. This evidence was credited by Supreme Court and we find no reason to deviate from the court's determination.

We do, however, find merit to defendant's assertion that plaintiff was not entitled an 8% fee following Kleen's default. Under the terms of the joint venture agreement, plaintiff was reimbursed for its actual costs in obtaining the original OGS-required bonding. The 8% fee represented, in essence, profit it anticipated from the business arrangement. Lost profits are generally not a recoverable element of damages under a performance or payment bond (see *QDR Consultants & Dev. Corp. v Colonia Ins. Co.,* 251 AD2d 641, 643-644 [1998], *lv denied* 92 NY2d 814 [1998]). Hence, the award of $212,767.19, representing the 8% fee, and the interest thereon, must be reversed.

Plaintiff, in its cross appeal, asserts that the award of damages was inadequate because it failed to include the subcontractors' costs of $272,097 that were incurred by the joint venture before the default by Kleen. The terms of the joint venture agreement specifically provided that the joint venture—which was comprised of plaintiff and Kleen—was responsible "[t]o receive and disburse contract funds from [OGS] to suppliers [and] subcontractors." Defendant guaranteed Kleen's performance. Payment of the subcontractors was, under the joint venture agreement, a specific obligation of the joint venture. Defendant was thus not responsible for the subcontractors'

claims.[3] The parties' remaining arguments have been considered and found unpersuasive.

Mercure, J.P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the order entered July 23, 2002 and the judgment entered thereon, are modified, on the law, without costs, by reducing the amount awarded to plaintiff by $212,767.19 (together with the interest assessed on such amount), and, as so modified, affirmed.

Ordered that the remaining orders and judgment are affirmed, without costs.

---

**3.** Plaintiff has ostensibly accepted responsibility for the subcontractors' claims. If it had not, it appears that the surety on the bond provided to OGS would have been implicated.