Village of Hempstead Community Dev. Agency v Colonia Ins. Co. of N.Y. (2004 NY Slip Op 50237(U))

[*1]

 Village of Hempstead Community Dev. Agency v Colonia Ins. Co. of N.Y.

2004 NY Slip Op 50237(U)

Decided on April 2, 2004

Supreme Court, Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 2, 2004

Supreme Court, Nassau County
 VILLAGE OF HEMPSTEAD COMMUNITY DEVELOPMENT AGENCY, Plaintiff,
against
COLONIA INSURANCE COMPANY OF NEW YORK, now known as AXA GLOBAL RISKS US INSURANCE COMPANY, ROGER LEWIS, FRANK DARCONTE, PARK EAST CONSTRUCTION CORP., MISAN ENTERPRISES, LTD., MICHAEL MINIERO, SANDRA MINIERO, BERNIE FARSKY, DENNIS MINIERO, GEORGE PYLE, GLENN BALANTIC, JOHN M. LEDDY, SHAUN LEDDY, JAMIE LEDDY, CARIBBEAN AIR CONDITIONING CORP., JOHN DOE 1 AND JOHN DOE 2, Defendant.
INDEX NO. 25576-98

FOR PLAINTIFF
Spence and Davis, LLP, 666 Old Country Road - Suite 300, Garden City, New York 11530
FOR DEFENDANTS (for Colonia Insurance Company)
Goldberg & Connolly, Esqs., 66 North Village Avenue, Rockville Center, New York 11570
(for Frank DarConte and Park East Construction Corp.)
Steven G. Rubin & Assocs., P.C. 300 Marcus Avenue - Suite 2E7, Lake Success, New York 11042
(for Misan)
Westermann, Sheely, Aydelott & Keenan, LLP, 100 Quentin Roosevelt Blvd - Suite 205, Garden City, New York 11530
(for Roger Lewis)
L'Abbate Balkan, Colavita & Contini, LLP, 1050 Franklin Avenue, Garden City, New York 11530
(for Caribbean Air Conditioning Corp.)
Haber & Haber, Esqs., 1205 Franklin Avenue, Garden City, New York 11530

LEONARD B. AUSTIN, J.
ORDER
The following papers were read on Plaintiff's motion to restore this matter to the Court's calendar (Motion Seq. 7), the cross-motion of Defendants Frank DarConte and Park East Construction Corp. seeking dismissal of this action and cross-claims interposed against it (Motion Seq. 8), the cross-motion of the Misan Defendants for summary judgment (Motion Seq. [*2]9) and the cross-motion of Colonia Insurance Company for summary judgment:
Motion Seq. # 7
Notice of Motion dated August 6, 2003;
Affirmation of Brian J. Davis, Esq. dated August 6, 2003;
Motion Seq. # 8
Notice of Motion dated August 13, 2003;
Affidavit of Frank DarConte sworn to on August 13, 2003;
Motion Seq. # 9
Notice of Motion dated December 12, 2003;
Affirmation of Suzanne M. Henneberger, Esq. dated December 12, 2003;
Defendants Memorandum of Law;
Motion Seq. # 10
Notice of Motion dated December 12, 2003;
Affidavit of Paul Alongi, Jr. Sworn to on December 11, 2003;
Affirmation of Geoffrey S. Pope, Esq. dated December 12, 2003;
Defendant Colonia's - Memorandum of Law;
Other Papers
Affirmation of Suzanne M. Henneberger (undated) in opposition to Plaintiff's motion to restore - Motion Seq. # 7;
Affirmation of Brian Davis, Esq. dated August 15, 2003;
Affirmation of Brian Davis, Esq. dated December 15, 2003;
Affirmation of Brian Davis, Esq. dated January 3, 2004;
Affirmation of David E. Wolff, Esq. dated August 20, 2003;
Affirmation of David E. Wolff, Esq. dated January 15, 2004;
Affirmation of Susan M. Henneberger, Esq. dated January 16, 2004;
Affirmation of Steven G. Rubin, Esq. dated August 20, 2003;
Affirmation of Steven G. Rubin, Esq. dated November 26, 2003;
Memorandum of Law of Defendant AXA Global in opposition to cross-motion of Defendants Frank DarConte and Park East Construction.
Plaintiff, Village of Hempstead Community Development Agency ("CDA"), moves for an order restoring this action to the active calendar and setting a new conference date and discovery schedule.
Defendants Frank DarConte ("DarConte") and Park East Construction Corp. ("Park East") cross-move for an order, pursuant to CPLR 3404 and 22 NYCRR 202.27, dismissing the case as against them including the first and second cross-claims of Defendant Colonia Insurance Company of New York ("Colonia") based upon the parties' failure to attend a conference on an unspecified date in January, 2002.
Colonia cross-moves for an order, pursuant to CPLR 3212, granting it summary judgment dismissing the complaint as against it on the grounds that Plaintiff has satisfied or has [*3]waived any damages as might be recoverable against it.
Defendants, Misan Enterprises, Ltd., Michael Miniero, Sandra Miniero, Bernie Farsky, Dennis Miniero and George Pyle (collectively referred to as "Misan") cross- moves for an order pursuant to CPLR 3211(a)(7) dismissing the amended complaint as against them.
INTRODUCTION
Put succinctly, this action involves CDA's attempt to recover damages from
various different entities and certain of their corporate officers in connection with a defaulted loan.
As a preliminary matter, this Court acknowledges that this action has been dormant for approximately 2 ½ years. Part of the explanation for the inactive status of this action has been attributed to the fact that CEDC, the former owner of the subject property, was adjudicated a debtor in a bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of New York.
Notwithstanding the disputed reasons for the prolonged delay in filing the motion to restore the action, this Court, in its discretion, has elected to restore the action to the calendar and shall consider the merits of the motions presently before it.
Of particular relevance, the record, as evidenced by the certified copy of the clerk's minutes in this action shows that no judicial order dismissing the action has been entered. Where, as here, a case is not properly dismissed pursuant to CPLR or the Uniform Rules for Trial Courts, a motion to restore the action to the calendar is not required. See, Lopez v Imperial Delivery Service, Inc., 282 A.D. 2d 190, 200 (2nd Dept.), lv. app. den., 96 N.Y. 2d 937 (2001). Moreover, CPLR 3404 and 22 NYCRR 202.27 are inapplicable to pre-note of issue cases.
FACTUAL BACKGROUND
In 1993, CDA, a municipal public benefit corporation, loaned slightly more than $6 million to CEDC, a not for profit corporation. CEDC was the owner of commercial premises located at 100 Main Street, Hempstead, NY. CDA took a mortgage on the premises as security for the loan, of which $1.3 million was intended to retire the pre-existing mortgage debt with the balance to finance the renovation and improvement of the premises.
In June, 1993, CEDC, as owner, entered into a construction contract with Viron Co., Inc. ("Viron"), as general contractor, to perform construction, reconstruction and renovation work on the property. Colonia, now known as AXA Global Risks U.S. Insurance Company, was the surety of the project issuing both performance and labor and material bonds. CEDC and CDA were obligees under the bonds while Viron was the named principal. Park East was the construction manager on the project. DarConte was the project executive for Park East. Defendant Roger Lewis ("Lewis") was the architect. Misan was hired by Viron to provide electrical contracting services on the property.
In the complaint, CDA seeks declaratory relief and damages for Colonia's alleged breach of a 1995 "Completion Agreement." Pursuant to the Completion Agreement, Colonia agreed to fund completion of the rehabilitation of the property after Viron was declared to be in default. Notably, the Completion Agreement contained an express provision that in no event would Colonia's liability exceed the penal sum amount of the performance bond $4.25 million plus or minus approved changed orders. Viron, CEDC and CDA were all parties to this agreement.
As against the remaining Defendants, CDA alleges that the architect, the construction [*4]manager and the subcontractors engaged by Viron either falsified or misrepresented the percentage of work they actually performed on the project. CDA further alleges that these overstatements resulted in the payment to the subcontractors of funds from the construction loan proceeds beyond the value of the work.
Subsequent to the commencement of this action, in April 1999, CEDC filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code. An amended proof of claim dated December 5, 2000 filed by CDA asserted an unsecured claim in the amount of $9,153,909.38 representing CDA's losses in connection with its loan on the subject property.
Pursuant to the Modified Third Amended Plan of Reorganization (the "Plan"), CDA agreed that the proceeds from the sale of the property would fully satisfy all claims it had against CEDC in connection with the loan. Furthermore, the Plan expressly provided that CDA waived any unsecured claim it had against CEDC if insufficient funds were generated from the sale of the property. In other words, the reorganization plan provided for the property to be sold, the proceeds to be paid to CDA on its claims and any deficiency was waived.
Thereafter, CDA obtained the property in a trustee capacity in order to sell it. On or about February 20, 2001, the property was appraised by Cushman & Wakefield at $14.6 million dollars.
Notwithstanding the appraised value of the premises, CDA entered into a sales agreement with One Hundred Black Men of Long Island, Inc. ("100 Black Men") on or about March 27, 2001. The purchase price was $8,000,000.00 payable as follows: $5,000 upon the signing of the contract and $7,995,000.00 by a purchase money note and mortgage. The sale to 100 Black Men was only made possible by a $10,000,000.00 HUD Section 108 loan which was guaranteed by CDA. In this regard, $8,000,000 was budgeted for purchase of the property. The balance was designated for administration and for the completion of the property's rehabilitation. In sum, CDA restructured and satisfied the original loan to CEDC by selling the property to 100 Black Men.
DISCUSSION
A.Colonia's Cross-Motion for Summary Judgment
The crux of Colonia's argument for dismissing Plaintiff's claims as against it is based upon: (1) CDA has satisfied or has waived any damages as might be recoverable against it; (2) the restructuring of the CEDC loan was essentially a novation or material change discharging Colonia; and (3) the disposition of collateral, without notice to Colonia, constitutes an independent ground of discharge.
Based upon the record submitted, this Court agrees that Colonia is entitled to summary judgment dismissing the complaint as against it. The sale of the property and restructuring of the CEDC loan effectively discharged Colonia's obligation. It should be considered a "material change" which discharged Colonia's obligation as surety. The Chapter 11 Plan was clear in that it specifically provided that any deficiency of the sales proceeds to satisfy the entire amount of the CDA bankruptcy claim would be waived. Significantly, Colonia was not a party to the bankruptcy proceeding nor did it have notice of same.
Suretyship is a contractual relationship. Accordingly, a creditor and debtor may not alter the surety's undertaking to cover a different obligation without the surety's consent. If they do so, the surety is discharged. See, Bier Pension Plan Trust v. Estate of Schneierson, 74 N.Y. 2d 312, 315 (1989); and Matter of Union Indem. Ins. Co., 220 A.D. 2d 339, 340 (1st Dept. 1995). New York courts have consistently held that a surety's obligation "is strictissimi juris, and [it] is [*5]discharged by an alteration of the contract, to which his guaranty applied, whether material or not, and the courts will not inquire whether it is or is not to his injury." Id. quoting, Becker v. Faber, 280 N.Y. 146, (1939). The responsibility of a surety "is not to be enlarged by implication or construction." Tri-state Employment Services, Inc. v. Mountbatten Surety Co., Inc., 99 N.Y. 2d 476 (2003).
To the extent that CDA's "restructuring" of the CEDC loan and the sale of the property purported to effect such an alteration, it was powerless to adversely affect Colonia's liability as surety. See, Bier Pension Plan Grant v. Schneierson, supra. See
also, New York City School Construction Auth. v. Koren-DiResta, Construction Co., Inc., 249 A.D. 2d 205 (1st Dept. 1998).
Colonia as surety should be discharged because the parties have substituted a new contract, to which it never agreed, for the original. Becker v. Faber, supra at 148-9. "An obligation is altered when the debtor is discharged from the original contract and a new contract is substituted in its place. The test is whether there is a new contract which will be enforced by the courts. * * * Obviously, if the debtor can assert a new contract in defense to an action on the original contract the surety may do so also and, since it did not guarantee performance of the new agreement, it cannot be held answerable for the principal debtor's default (citations omitted)." Bier Pension Plan Trust v. Estate of Schneierson, supra at 315.
The loan restructuring and sale of the property, therefore, discharged Colonia as surety on the original loan. In this regard, CDA concedes that claims against Colonia as well as the other Defendants are discharged to the extent of the $8 million sales proceeds from the property.
It is clear that Colonia was not a guarantor of CEDC's performance or otherwise obligated on the CEDC loan. Its liability, therefore, could only arise under the performance bond or the Completion Agreement. The Completion Agreement contained an express provision that in no event would Colonia's liability exceed the
penal sum amount of the performance bond- $4.25 million dollars, plus or minus approved change orders.
CDA asserts, nevertheless, that since the Bankruptcy Court allowed an unsecured claim in the sum of $9.1 million, it has sustained a loss of about $1.1 million. Hence, it is entitled to recoup this loss.
This Court rejects CDA's contention. "A surety bond attaches to the principal contract and must be construed in conjunction with it." Carrols Equities Corp. v. Villnave, 57 AD2d 1044, 1045 (4th Dept.), lv. app. den., 42 N.Y. 2d 810 (1977). Further, liability of a surety is generally limited to the amount of the bond and as provided in the contract. See, Tri-City Elec. Co. v. People, 63 N.Y. 2d 969, 971 (1984); and U.W. Marx, Inc. v. Mountbatten Sur. Co., Inc., 3 A.D. 3d 688 (3rd Dept. 2004). In this regard, a surety's liability may include the cost of completion, as well as damages flowing from its breach. See, Hunt v. Bankers & Shippers Ins. Co., 73 A.D. 2d 797 (4th Dept. 1978), affd., 30 N.Y. 2d 938 (1980). No completion costs were incurred here. Ordinarily, lost profits are not recoverable an element of damages under a performance or payment bond. See, QDR Consultants & Dev. Corp. v. Colonia Ins. Co., 251 A.D. 2d 641, 643-4 (2nd Dept.), lv. app. den., 92 N.Y. 2d 814 (1998).
Under the circumstances, Colonia, as well as other Defendants, may not be held responsible for CDA's liabilities on a new loan to a new debtor. Callanan Indus. Inc. v.
[*6]
Micheli Contracting Corp., 124 A.D. 2d 960 (3rd Dept. 1986). The amended complaint as to Colonia should be dismissed.
B.Misan Defendants' Cross-Motion for Summary Judgment
In the sixth cause of action alleged in the amended complaint, CDA claims to be a third-party beneficiary of the subcontract between Misan and CEDC. Specifically, CDA alleges that Misan misrepresented the work that was completed under the subcontract and received certain payments from Viron in breach of the subcontract. In the eighth cause of action, CDA alleges that Misan misrepresented the amount of work that was completed to induce CDA to release funds to CEDC. Such claims must fail for two reasons. First, CDA has suffered no damage in connection with the property as it has been fully satisfied. Second, CDA is not a third-party beneficiary.
A third party may sue as a beneficiary under a contract where the contract was made for its benefit. Lawrence v. Fox, 20 N.Y. 268 (1859). However, the intent to benefit the third party must be shown. Absent such intent, the third party is merely an incidental beneficiary with no right to enforce the contract. Port Chester Elec. Construction Corp. v Atlas, 40 N.Y. 2d 652 (1976). Furthermore, where, as here, a construction contract does not expressly state the intention of the contracting parties to benefit a third party who contracts with the promisee has no right to enforce the latter's contract with another. Id. More importantly, a party claiming to be a third party beneficiary has the burden of demonstrating that it has an enforceable right. Flemington Nat. Bank & Trust Co. v. Domler Leasing Corp., 65 A.D. 2d 29 (1st Dept. 1978), affd., 48 N.Y. 2d 678 (1979).
In this case, the subcontract in question does not expressly state that CDA has the right to enforce the sub-contract. See, Fourth Ocean Putnam Corp. v Interstate Wrecking Co., 66 N.Y. 2d 38 (1985). In the absence of intent, CDA is merely an incidental beneficiary with no right to enforce the subcontract. Consequently, the sixth cause of action should be dismissed.
Inasmuch as a cause of action for fraud will not arise when the only fraud relates to a claim for breach of contract (Gordon v. DeLaurentiis Corp., 141 A.D. 2d 435 [1st Dept. 1988]. See also, Alamo Contract Builders v. CTF Hotel, 242 A.D. 2d 643 [2nd Dept. 1997]), the eighth cause of action for fraud which is duplicative of the breach of contract claim (sixth cause of action) must fail. Accordingly, the complaint must be dismissed as against the Misan Defendants.
C.DarConte and Park East's Cross-Motion for Summary Judgment
In its verified answer, counterclaim and cross-claims, Colonia seeks indemnification and/or contribution against Lewis, Park East and DarConte based upon alleged misrepresentations and overstatements regarding the amount of work performed by Viron, the named principal of the bond. These Defendants are essentially arguing that the documentation regarding the sale of the Main Street Hempstead Project premises establishes that Plaintiff has affirmatively and intentionally satisfied, waived and released its claims and as such, Plaintiff's eighth cause of action for fraud must be dismissed. This Court agrees. In light of this Court's determination that CDA's claims against Colonia have been extinguished, dismissal of Colonia's second cross-claim which seeks indemnification or contribution is warranted.
As to the second cross-claim interposed by Colonia, it does not appear from the papers submitted that Colonia intends to press its cross-claim against the Park East Defendants and Lewis with regard to its subrogation rights for overpayments based upon CEDC approvals. See gen'lly, Chemical Bank v. Meltzer, 93 N.Y. 2d 296 (1999). Here, Colonia has not met its [*7]burden to overcome summary judgment on this cross-claim. See, e.g., Alvarez v. Prospect Hosp., 68 N.Y. 2d 320 (1986). Thus, it should be dismissed.
Accordingly, it is,
ORDERED, that Plaintiff's motion to restore this action to the Courts' calendar and schedule discovery is granted to that extent that this matter is restored to the Courts' calendar and is otherwise denied as moot; and it is further,
ORDERED, that Colonia's cross-motion for summary judgment dismissing this action as to it is granted; and it is further,
ORDERED, that the cross-motion of the Misan Defendants for summary judgment dismissing this action as to them is granted; and it is further,
ORDERED, that the cross-motion of DarConte and Park East is granted to the extent that the action as to it is dismissed and the cross-claims interposed by Colonia are dismissed.
This constitutes the decision and Order of the Court.
 April 2, 2004 Hon. LEONARD B. AUSTIN, J.S.C.
XXX
Decision Date: April 02, 2004