22-869-cv
*Pucilowski v. Spotify USA, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of November, two thousand twenty-two.

PRESENT:
>REENA RAGGI,
>JOSEPH F. BIANCO,
>SARAH A. L. MERRIAM,
>
>>*Circuit Judges*.

_____

Valerie Pucilowski,

>*Plaintiff-Appellant*,

v.                                                                                22-869-cv

Spotify USA, Inc.,

>*Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:               DAVID S. SCHWARTZ, David S. Schwartz Law, PLLC, New York, NY.

FOR DEFENDANT-APPELLEE:               MICHAEL E. DELARCO (David J. Baron, *on the brief*), Hogan Lovells US LLP, New York, NY

Appeal from the judgment and order of the United States District Court for the Southern District of New York (Edgardo Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on March 22, 2022 is **AFFIRMED**.

Plaintiff Valerie Pucilowski, who sued defendant Spotify USA, Inc. ("Spotify") for terminating her employment in alleged violation of the Family and Medical Leave Act of 1993 ("FMLA"), Pub. L. No. 103-3, 107 Stat. 6 (codified in scattered sections of 5 and 29 U.S.C.), and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq.*, appeals from the dismissal of her claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Pucilowski argues that the district court erred in (1) concluding that her claims are barred by the release provision of her separation agreement with Spotify and (2) denying her leave to amend. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## DISCUSSION

We review *de novo* the grant of a motion to dismiss under Rule 12(b)(6), *Nunes v. Cable News Network, Inc.*, 31 F.4th 135, 140 (2d Cir. 2022), assuming the truth of facts alleged in the complaint and drawing all inferences in the plaintiff's favor, *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). We may also consider documents attached to the complaint as exhibits, incorporated by reference therein, or integral to the complaint. *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 2679 (2022). To survive dismissal, the pleadings must contain "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *i.e.* the pleaded facts allow the court

2

reasonably to infer that the defendant is liable for the misconduct alleged, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In making that assessment, we "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678.

## A. <u>The Release</u>

Pucilowski submits that the district court engaged in impermissible factfinding in concluding that her release of federal discrimination claims was knowing and voluntary. We disagree.

The parties agree that the factors relevant to this issue are set forth in *Bormann v. AT & T Communications, Inc.*, 875 F.2d 399, 403 (2d Cir. 1989). Pucilowski's own pleading demonstrates that these factors compel the conclusion that Pucilowski's release of claims was knowing and voluntary. First, the complaint alleges that Pucilowski's work as a user researcher at Spotify received high praise from coworkers and supervisors. This precludes any finding that she lacked the education or business experience to understand the release. Second, Pucilowski was given fourteen days to consider the agreement (but took only eleven days to sign it), was given seven additional days to revoke the agreement once it was signed, and agreed to the agreement's statement that she had "consulted counsel or had the opportunity to consult counsel about this . . . agreement." App'x at 23. These circumstances preclude any finding that she was not given sufficient time to knowingly and voluntarily release her claims. Third, the language of the release provision demonstrates the requisite clarity, unambiguously stating that Pucilowski releases Spotify "from any and all claims . . . including, without limitation, those arising out of or in any way connected with [her] employment or . . . termination" and further specifically releases claims under the FMLA and the NYCHRL. App'x at 22. Fourth, Pucilowski received two months' salary

3

in exchange for executing the separation agreement, a benefit exceeding what she was entitled to by law or contract. While Pucilowski was not represented by counsel in connection with the signing of the separation agreement and is not alleged to have had any role in deciding the terms of the agreement, under the totality of the circumstances pleaded by Pucilowski, we conclude, as the district court did, that Pucilowski's execution of the separation agreement can only be deemed knowing and voluntary and, therefore, that the release is enforceable, precluding her claims. *See, e.g.*, *Bormann*, 875 F.2d at 403 n.1 (holding that releases were enforceable even though there was no opportunity for plaintiffs to negotiate their terms).

In urging otherwise, Pucilowski faults the district court for ignoring the fact that she signed the release on March 8, 2019 shortly after returning to work from a medical leave following a November 2018 head injury suffered on the job. But as Pucilowski alleges, on February 7, 2019, her physician stated in a letter that "her prognosis is quite good" and that "she could likely return" to her "usual potential" in two weeks. App'x at 8. In these circumstances and in the absence of any allegations that Pucilowski's head injury was still adversely affecting her when she signed the separation agreement a month after the physician letter, the district court was not required to accept the complaint's conclusory assertion that Pucilowski "lacked the requisite mental capacity to enter into the agreement and/or understand the terms and obligations of the agreement due to her mental health conditions." App'x at 9; *see Twombly*, 550 U.S. at 555 ("[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" (quoting *Papasan*, 478 U.S. at 286)).

As for Pucilowski's claim of fraudulent inducement, Pucilowski concedes that she was required to satisfy the heightened pleading standard for fraud under Federal Rule of Civil Procedure 9(b). *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 171 (2d Cir. 2015). Like the district court, we conclude that Pucilowski's pleadings do not come close

4

to meeting this standard. The complaint, *inter alia*, does not identify the individual at Spotify who made the allegedly fraudulent statement, *see Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986); *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993), nor does it allege how that statement was false, *see Luce*, 802 F.2d at 54. On this record, Pucilowski's conclusory repetition of the elements of fraudulent inducement is insufficient to plausibly assert that her release of claims was not knowing and voluntary. Accordingly, the district court correctly dismissed the FMLA claims.[1]

## B. <u>Repleading</u>

Finally, on *de novo* review, we identify no error in the district court's denial of leave to re-plead as futile. *In re Trib. Co. Fraudulent Conv. Litig.*, 10 F.4th 147, 159 (2d Cir. 2021), *cert. denied sub nom. Kirschner v. FitzSimons*, 142 S. Ct. 1128 (2022). In opposing dismissal, Pucilowski requested leave to amend in only two ways: to include allegations regarding (1) her non-involvement in setting the terms of the separation agreement, and (2) her attempt to repudiate the separation agreement in a January 11, 2021 letter offering the return money received under the agreement. We conclude that these particular amendments would be futile because (1) the *Bormann* factors overwhelmingly weigh in favor of the release's enforcement, and (2) any alleged

---

[1] On appeal, Pucilowski did not specifically challenge the dismissal of the NYCHRL claims and thus appears to have abandoned those claims. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995). In any event, under New York law, the enforceability of the release is governed by ordinary principles of contract law. *See Albany Sav. Bank, FSB v. Halpin*, 117 F.3d 669, 672 (2d Cir. 1997). Therefore, "a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 463 (2d Cir. 1998). As discussed above with respect to the federal claims, the unambiguous terms of the release also require dismissal of the NYCHRL claims. *See, e.g.*, *New York City Sch. Constr. Auth. v. Koren-DiResta Constr. Co.*, 671 N.Y.S.2d 738, 739 (App. Div. 1998) ("[P]laintiff's conclusory allegations of fraudulent inducement are insufficient to overcome the unambiguous language of the termination agreement and particularly of its release."); *Blatt v. Manhattan Med. Grp., P.C.*, 519 N.Y.S.2d 973, 976 (App. Div. 1987) ("The fact that [plaintiff] was in a severely depressed emotional state is scarcely sufficient indication that he did not have either the necessary understanding to execute a contract or that he was unable to control his behavior.").

repudiation of the separation agreement in 2021 has no impact on the *Bormann* analysis. Accordingly, because leave to amend these allegations would be futile, the district court did not err in dismissing the claims with prejudice.

* * *

We have considered all of Pucilowski's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court