■ JOSEPH A. NOVARO, Respondent, v JOMAR REAL ESTATE CORP. et al., Appellants, et al., Defendant.—Order, Supreme Court, New York County (William J. Davis, J.), entered June 22, 1989, which denied plaintiff's motion to strike the note of issue but granted plaintiff the right to conduct further discovery, unanimously affirmed, without costs.

Order, Supreme Court, New York County (William J. Davis, J.), entered May 22, 1989, which granted plaintiff's application to restore his motion to strike the note of issue to the calendar, unanimously affirmed, without costs.

The IAS court did not abuse its discretion in permitting further discovery under the circumstances of this case. Nor is the plaintiff precluded from obtaining discovery by virtue of his prior filing of a note of issue and certificate of readiness at an earlier stage of this action. When at that time the defendants successfully moved to strike that note of issue and certificate of readiness, it became a nullity. Since then, further discovery demands have been made by the parties, and the defendants' current filing of the instant note of issue and

certificate of readiness was premature since some of these discovery requests were still outstanding.

We also find that the IAS court did not abuse its discretion in permitting plaintiff to restore the motion to the calendar, after it had earlier been marked "off calendar" for plaintiff's failure to appear. Furthermore, we note that there is no impropriety even though this determination was not the result of a motion on notice and was made at an informal conference. In furtherance of the goals of the IAS system and the inherent power of the courts to control their calendars and supervise the progress and conduct of litigation, the informal procedure utilized here at the preliminary conference was not inappropriate. Furthermore, since the decision was reduced to writing, "so ordered" by the court, and entered as a formal order, it is appealable (cf., Matter of Grisi v Shainswit, 119 AD2d 418). Concur—Ellerin, J. P., Wallach, Smith and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JOHNSON, Appellant.—Judgment, Supreme Court, New York County (Richard Failla, J.), rendered on March 2, 1988, unanimously affirmed.