■ In the Matter of FREDERICK D. MELONE, Appellant, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Respondent. [649 NYS2d 533] —Mercure, J. Appeal from a judgment of the Supreme Court (Harris, J.), entered August 21, 1995 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for reinstatement to the Medicaid program as a participating provider.

Petitioner has been a dentist since 1969. In 1984, petitioner's license was revoked by the Commissioner of Education as the result of a disciplinary determination based upon findings that petitioner engaged five male patients, ranging from 7 to 15 years in age, in inappropriate physical and sexual contact (see, Matter of Melone v State of New York Educ. Dept., 115 AD2d 854). Upon the revocation of petitioner's license, his enrollment in the Medicaid program was involuntarily terminated. In October 1992, the Board of Regents restored petitioner's license and placed him on probation for a period of five years. In June 1994, petitioner applied for reinstatement to the Medicaid program. Citing to the factors set forth in 18 NYCRR 504.5 (a) (11) and (13), respondent denied the application as "a result of the revocation of [petitioner's] license in 1984 for professional misconduct as outlined in the statement [of] charges issued by the New York State Education Department, Board of Dentistry" and because the application was premature, due to the fact that petitioner was still on probation. Following an unsuccessful administrative appeal, petitioner brought this CPLR article 78 proceeding to annul respondent's determination. Supreme Court dismissed the petition and petitioner now appeals.

We affirm. In essence, petitioner's challenge to respondent's determination is predicated upon the dual assumptions that a dentist may be denied admission to the Medicaid program only upon a showing of circumstances likely to affect his or her ability to provide high quality medical care or to properly administer public funds and that the administrative finding of prior inappropriate physical and sexual contact with minor patients, for which petitioner is still on probation, has no bearing on the quality of services he presently provides. We are persuaded by neither postulate.

First, it should be noted that participation in the Medicaid program is a privilege (see, Matter of Tobon v Bane, 192 AD2d 851, 855) and a provider has no guaranteed right to reenrollment (see, Matter of Bezar v New York State Dept. of Social Servs., 151 AD2d 44, 49). Notably, "the sole reasons for rejec-

tion [can] be based on policy or subjective factors not susceptible to judicial review" (supra). The specific factors to be considered on an application for enrollment in the Medicaid program are set forth in 18 NYCRR 504.5. Those relevant to this proceeding include:

"(11) a prior finding by a licensing, certifying or professional standards board or agency of the violation of the standards or conditions relating to licensure or certification or as to the quality of services provided; [and] * * *

"(13) any other factor having a direct bearing on the applicant's ability to provide high-quality medical care, services or supplies to recipients of medical assistance benefits, or to be fiscally responsible to the program for care, services or supplies to be furnished under the program including actions by persons affiliated with the applicant" (emphasis supplied).

Second, in light of respondent's " 'virtually unlimited range of discretion' " in determining whether it is in the best interest of the Medicaid program to deny an application for reinstatement (Matter of Roggemann v Banes, 223 AD2d 854, 857 quoting Matter of Bezar v New York State Dept. of Social Servs., supra), we perceive no basis for disturbing respondent's conclusions that a practitioner's demonstrated tendency to engage minor patients in impermissible sexual contact and the continued monitoring of petitioner's practice as a condition of probation implicate his ability to provide quality medical services (see, Matter of Imperato v Bane, 202 AD2d 377, 378).

Petitioner's remaining contention has been considered and also found lacking in merit.

Mikoll, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.