■ STEPHEN A. SEAMAN, Doing Business as SEAMAN's S.A.S. INDUSTRIES, Respondent, v JONAH BERMAN et al., Appellants. [657 NYS2d 512] —Cardona, P. J. Appeal from an order of the Supreme Court (Dier, J.), entered July 19, 1996 in Warren County, which, *inter alia*, granted plaintiff's cross motion for summary judgment dismissing defendants' counterclaim.

This action arises out of an alleged oral agreement between plaintiff and defendants whereby plaintiff was required to perform certain remodeling work on defendants' home in the Village of Lake George, Warren County. Plaintiff commenced this action in August 1994 seeking to collect for goods provided and services rendered and for enforcement of a related mechanic's lien. Defendants answered and, as a counterclaim, alleged a loss of use of the premises for the summer of 1993 based on plaintiff's failure to complete the work by June 1993. This failure allegedly resulted in damages in the amount of $10,000.

Thereafter, defendants moved pursuant to CPLR 3025 (b) to amend their answer to add two counterclaims* alleging breach of contract and fraud. Plaintiff cross-moved for summary judgment seeking dismissal of the existing counterclaim. Finding that defendants' delay in seeking amendment to their answer was prejudicial to plaintiff and that defendants failed to meet their burden in opposition to the summary judgment motion, Supreme Court denied the motion to amend and granted the cross motion for summary judgment dismissing the counterclaim. Defendants appeal.

We affirm. Initially, we find that Supreme Court properly granted summary judgment dismissing the counterclaim. In support of his cross motion, plaintiff submitted his own affidavit affirmatively stating that the parties never agreed upon a June 1993 completion date and, of particular importance, submitted his demand for a verified bill of particulars, which

---

* The proposed amended answer also added additional affirmative defenses. Defendants' motion papers, however, only addressed the addition of the counterclaims.

requested, *inter alia,* a statement of the damages incurred as alleged in the counterclaim. The answer to that demand by defendants, also submitted by plaintiff in support of the cross motion, listed expenses consisting mostly of restaurant and hotel charges together with copies of credit card statements reflecting those expenses. The expenses, however, occurred after the summer of 1993 which was the only period defendants allege that they were deprived of the use of the property. The earliest reflected expense occurred on September 21, 1993. By showing that defendants failed to particularize damages for the relevant period in question, we find, despite defendants' contention to the contrary, that plaintiff met his burden sufficient to warrant judgment as a matter of law (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Zuckerman v City of New York,* 49 NY2d 557, 562).

The affidavit of defendants' attorney stating that "there obviously exists unresolved and unanswered questions of fact concerning * * * defendants' counterclaim" is simply insufficient to defeat the motion. While defendants argue that "[p]roof of damages is essentially an issue of fact" (*Fiur Co. v Ataka & Co.,* 71 AD2d 370, 375), they have failed to submit anything in opposition to the cross motion to create a factual issue either with respect to damages or with respect to the June 1993 deadline. Merely alleging that damages exist and failing to tender proof to that effect or proof contradicting plaintiff's statement that there was no June 1993 deadline is patently insufficient to defeat the motion (*see, Vermette v Kenworth Truck Co.,* 68 NY2d 714, 717).

We also find meritless defendants' assertion that Supreme Court inappropriately denied their motion for leave to amend their answer. We note that, on these facts, defendants' only showing of merit, consisting of broad and conclusory allegations that plaintiff "breached the * * * agreement" and that plaintiff "fraudulently, intentionally and willfully misrepresented the services, the work, supplies, equipment and materials that were necessary to continue and to complete the home improvement agreement", together with portions of plaintiff's deposition testimony, is insufficient evidence of the merits of the proposed counterclaims (*see, Mathiesen v Mead,* 168 AD2d 736, 737).

Despite defendants' admitted knowledge of the facts comprising their additional claims prior to the commencement of this action, we further note that defendants waited until April 1996 to seek amendment and offered no reasonable excuse for their delay. This circumstance further substantiates Supreme

Court's denial of the motion to amend (*see, Allen v Vuley*, 223 AD2d 868, 869; *Mathiesen v Mead, supra,* at 737). Given all of these circumstances, we cannot say that denial of the motion was improvident (*see, Allen v Vuley, supra,* at 869).

Mercure, White, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.