■ MURRAY-GARDNER MANAGEMENT, INC., Appellant-Respondent, v IROQUOIS GAS TRANSMISSION SYSTEM, L.P., Respondent-Appellant. [674 NYS2d 820] —White, J. Cross appeals from an order of the Supreme Court (Demarest, J.), entered November 18, 1997 in St. Lawrence County, which, inter alia, denied plaintiff's motion for leave to serve an amended complaint and, sua sponte, reinstated a note of issue that had been previously stricken.

On June 26, 1991, the parties entered into a contract wherein plaintiff, the owner of a 1,055-acre tract of land in the Town of Edwards, St. Lawrence County, granted defendant a permanent 50-foot right-of-way and easement crossing 7,900 feet of its land which allowed defendant to construct a natural gas

pipeline. In exchange, defendant agreed, *inter alia*, to pay plaintiff monetary consideration and to install or provide five hardened crossings across the right-of-way for plaintiff's use, to cut and stack merchantable timber along the right-of-way and to restore the access road it used during the construction of the pipeline. Claiming that defendant did not perform these promises, plaintiff, on December 7, 1992, commenced this action seeking compensatory and punitive damages for breach of contract, negligence and violations of licenses issued by regulatory authorities. In April 1995, after extensive discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion except as it related to the breach of contract cause of action and we affirmed (229 AD2d 852).

On October 4, 1995, while the appeal was pending, plaintiff filed a note of issue and certificate of readiness. Thereafter, in August 1996, plaintiff moved to renew its opposition to defendant's motion on the ground that facts disclosed in a May 1996 criminal proceeding against defendant constituted material new evidence. Supreme Court denied the application and established March 3, 1997 as a date certain for trial. Two weeks prior to that date, plaintiff's former counsel applied to be relieved from further representation of plaintiff. By order dated March 24, 1997, Supreme Court granted the application and struck the note of issue. In addition, it directed plaintiff to retain new counsel within 90 days and to make an application to file a new note of issue within 120 days. On the 120th day, plaintiff's present counsel made an ex parte offer of a case management and scheduling order which Supreme Court rejected as being statutorily deficient. Plaintiff then moved for leave to serve an amended complaint setting forth causes of action in fraud, trespass, waste and nuisance. Supreme Court denied the motion, precluded further discovery and reinstated the note of issue. Plaintiff appeals the denial of its motion[1] while defendant appeals that part of the order reinstating the note of issue.

While leave to serve an amended pleading is freely given in the absence of significant prejudice, such motion is committed to the broad discretion of the trial court and the exercise of that discretion will not lightly be set aside (*see, Garrison v Clark Mun. Equip.*, 239 AD2d 742; *Allen v Vuley*, 223 AD2d

---

**1.** While plaintiff also appealed from that part of the order prohibiting further discovery, it did not discuss this issue in its brief. Therefore, we deem it abandoned (*see, Richardson v Richardson*, 186 AD2d 946, 947, *lv dismissed, lv denied* 81 NY2d 867).

868, 869). Plaintiff maintains that Supreme Court abused its discretion since defendant did not show that it would be substantially prejudiced if the proposed amendment was allowed. Where, as here, a note of issue and certificate of readiness has been filed,[2] prejudice is a less significant criterion since the court must also consider how long the amending party was aware of the facts upon which the motion was predicated and whether a reasonable excuse was offered for the delay (*see, Carranza v Brooklyn Union Gas Co.*, 233 AD2d 287; *Beuschel v Malm*, 114 AD2d 569).

In this instance, plaintiff had to be aware of the facts underlying its proposed trespass, waste and nuisance causes of action when it commenced this action in 1992, and those underpinning its fraud cause of action since October 1996 when it became aware of the criminal proceedings against several of defendant's agents and employees. Plaintiff assigns responsibility for its delay to its former attorney; however, this is not a reasonable excuse (*see, Wise v Greenwald*, 194 AD2d 850). Moreover, we concur with Supreme Court that plaintiff's delay prejudiced defendant since 29 employees having knowledge of this matter have left its employ and, if the amendment was permitted, defendant would accrue additional expenses for trial preparation that could have been avoided had plaintiff not delayed (*see, Seaman Corp. v Binghamton Sav. Bank*, 243 AD2d 1027, 1028-1029). Thus, in view of plaintiff's unexcused delay in seeking amendment until August 1997, coupled with the prejudice to defendant, we cannot say that Supreme Court's decision to deny plaintiff's motion was an abuse of discretion (*see, Seaman v Berman*, 239 AD2d 738, 739).

Turning to defendant's appeal, its reliance on CPLR 3404 is misplaced since one year did not elapse from the time the note of issue was stricken until it was reinstated. In any event, given the inherent power of courts to control their calendars and supervise the progress and conduct of litigation, Supreme Court's *sua sponte* reinstatement of the note of issue was not improvident (*see, Novaro v Jomar Real Estate Corp.*, 156 AD2d 213).

For these reasons, we affirm Supreme Court's order.

Mikoll, J. P., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.

---

2. We recognize that the note of issue was stricken in this case. However, by the terms of its March 24, 1997 order, Supreme Court clearly intended to reinstate it as soon as plaintiff obtained new counsel.