■ THOMAS THIBEAULT et al., Appellants, v MICHAEL G. PALMA et al., Respondents. [697 NYS2d 404] —Cardona, P. J. Appeal from an order of the Supreme Court (Ferradino, J.), entered May 21, 1998 in Saratoga County, which denied plaintiffs' motion for leave to amend their complaint.

This litigation arises from a dispute between plaintiff Thomas Thibeault (hereinafter plaintiff), the owner of Adirondack Appliances, Inc., and defendant Michael G. Palma that occurred in July 1991 over the repair of an air conditioner. Plaintiff asserted an artisan's lien and refused to return the air conditioner to Palma after Palma refused to pay for certain repairs. As a result, Palma filed a criminal complaint against plaintiff and enlisted the aid of police officers employed by defendant City of Saratoga Springs to obtain the return of the air conditioner. While executing a warrant for plaintiff's arrest, defendant Nicholas D'Alessandro, a police officer, allegedly entered plaintiff's business and physically assaulted him.

Thereafter, plaintiff and his wife, derivatively, commenced two actions. In October 1992, after filing a notice of claim, plaintiffs commenced the first action against the City and the

police officers involved in the arrest (hereinafter collectively referred to as defendants) alleging, *inter alia*, causes of action for assault, false arrest, negligent training and supervision of officers and false imprisonment. In November 1992, plaintiffs commenced the second action against Palma alleging, *inter alia*, claims for filing a false criminal complaint, abuse of process and intentional infliction of emotional distress. In the ad damnum clause of each complaint, plaintiff and his wife requested damages of $1,000,000 and $500,000, respectively. The actions were subsequently consolidated.

In October 1997, plaintiffs moved to amend their complaint to assert, *inter alia*, various Federal and State constitutional causes of action, claims for defamation and the recovery of counsel fees under 42 USC § 1988. Plaintiffs also sought to increase the ad damnum clause to $10,000,000 for plaintiff and $1,000,000 for plaintiff's wife. Supreme Court denied the motion resulting in this appeal.

We affirm. While leave to amend pleadings should be freely granted (*see*, CPLR 3025 [b]; *Fahey v County of Ontario*, 44 NY2d 934), such a decision lies within the discretion of the trial court (*see, Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959; *Murray v City of New York*, 43 NY2d 400, 404-405) and the exercise of that discretion should not be lightly set aside (*see, Murray-Gardner Mgt. v Iroquois Gas Transmission Sys.*, 251 AD2d 954, 955-956; *Garrison v Clark Mun. Equip.*, 239 AD2d 742). Lateness in making a motion to amend, coupled with the absence of a satisfactory excuse for the delay and prejudice to the opposing party, justifies denial of such a motion (*see, Murray-Gardner Mgt. v Iroquois Gas Transmission Sys., supra*).

Plaintiffs argue, *inter alia*, that inasmuch as the proposed amendment merely sets forth new theories of recovery and does not allege new facts, there is no prejudice to defendants in allowing the amendment. We disagree. The claims contained in the proposed amendment are a significant expansion of the claims set forth in the original complaints. While the notice of claim alerted defendants to potential civil rights claims, it did not, in our view, adequately apprise them of the many constitutional causes of action or defamation claims plaintiffs now seek to add. Notably, under the particular circumstances presented herein, further depositions and discovery would be necessary to enable defendants to adduce evidence relevant to these causes of action. Given the significant passage of time since this incident, permitting plaintiffs to assert additional claims at this late juncture would prejudice defendants.

In addition, although plaintiffs changed attorneys, they have not proffered a satisfactory excuse for the inordinate delay. Furthermore, while plaintiffs seek to increase the damages requested in the ad damnum clause, they have failed to put forth proof in evidentiary form supporting the increase (*see, Stone v Gordon*, 211 AD2d 881, 882; *Chafee v Gardner*, 188 AD2d 818, *lv dismissed* 81 NY2d 1007). Under these circumstances, we cannot say that the denial of plaintiffs' motion to amend was an abuse of discretion (*see, Seaman v Berman*, 239 AD2d 738, 740; *Allen v Vuley*, 223 AD2d 868, 869). We have considered plaintiffs' remaining contentions and find them to be without merit.

Mikoll, Yesawich Jr., Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.