■ GARY W. SADLER et al., Appellants, v TOWN OF HURLEY et al., Defendants, and TONCHE ASSOCIATION, INC., Defendant and Third-Party Plaintiff-Respondent. OLIVE FIRE DEPARTMENT No. 1, INC., Third-Party Defendant-Respondent. [758 NYS2d 417] —Crew III, J. Appeals (1) from a judgment of the Supreme Court (Spargo, J.), entered April 16, 2002 in Ulster County, upon a verdict rendered in favor of third-party defendant, and (2) from a judgment of said court, entered April 29, 2002 in Ulster County, which, inter alia, dismissed the complaint as against defendant Tonche Association, Inc.

A more detailed statement of the facts in this case may be found in this Court's prior decision in this matter (280 AD2d 805 [2001]). Briefly, plaintiff Gary W. Sadler, a volunteer firefighter with third-party defendant, Olive Fire Department No. 1, Inc., sustained serious injuries when he fell off the side of a dam into Kenozia Lake, in the Town of Hurley, Ulster County, which was owned by defendant Tonche Association, Inc. Sadler and his wife, derivatively, commenced this action against, among others, Tonche alleging that it negligently maintained the dam and road at the end of the lake which, in turn, caused Sadler's fall and injuries. Following joinder of issue, plaintiffs served a bill of particulars in July 1995. Thereafter, on the opening day of trial in February 2002, plaintiffs sought leave

to, among other things, supplement their bill of particulars to add additional theories of liability founded upon violations of a town zoning ordinance, an Occupational Safety and Health Administration regulation and the Uniform Fire Prevention and Building Code. Supreme Court denied the motions and, at the conclusion of trial, a jury returned a special verdict finding that Tonche was not negligent. Supreme Court dismissed the complaint against Tonche and the third-party complaint against Olive and these appeals by plaintiffs ensued.

While leave to amend a complaint or supplement a bill of particulars ordinarily should be freely granted (*see Berger v Water Commrs. of Town of Waterford*, 296 AD2d 649, 649 [2002]; *Gile v General Elec. Co.*, 272 AD2d 833, 835 [2000]), "[l]ateness in making a motion to amend, coupled with the absence of a satisfactory excuse for the delay and prejudice to the opposing party, justifies denial of such a motion" (*Thibeault v Palma*, 266 AD2d 616, 617 [1999]). Moreover, a court's discretion to grant leave to amend should be exercised with caution where the case has been certified as ready for trial (*see Jablonski v County of Erie*, 286 AD2d 927, 928 [2001]). Finally, a court may examine proposed amendments to determine whether they are meritorious (*see Jackson v Dow Chem. Co.*, 295 AD2d 855, 856 [2002]).

With these principles in mind, it is abundantly clear that Supreme Court did not abuse its discretion in denying plaintiffs' motions to supplement and amend. Here, plaintiffs waited until the first day of trial, almost seven years after serving their bill of particulars, before moving to amend to raise new theories of liability, and proffered no excuse for the delay. Clearly, such delay would have been prejudicial to defendants. Moreover, a review of the proposed amendments reveals that neither the ordinance, the regulation nor the statute is applicable to this case and, therefore, cannot be deemed meritorious. Finally, we find no merit to plaintiffs' contention that Supreme Court erred in instructing the jury that Tonche had no duty to warn against a condition that could readily be observed by the reasonable use of one's senses.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgments are affirmed, with one bill of costs.