■ ROY E. MOON et al., Appellants-Respondents, v CLEAR CHANNEL COMMUNICATIONS, INC., et al., Respondents-Appellants. [763 NYS2d 157] —Mercure, J.P. Cross appeals from an order of the Supreme Court (Teresi, J.), entered May 16, 2002 in Albany County, which, inter alia, partially granted defendants' motion for summary judgment dismissing the complaint.

Plaintiffs, professionally known as radio personalities Mason

and Sheehan, entered into an employment contract with defendant Radio Enterprises, Inc. (hereinafter REI), the owner of a radio station, in September 1997. The contract permitted REI to terminate plaintiffs, upon 90 days' notice, "for business reasons at any time before the Termination Date set forth therein." If plaintiffs were terminated for business reasons, they were entitled to the remainder of their salary for the year, and one year's additional salary as severance pay.

In November 1997, three months into their employment with REI, ratings for plaintiffs' program began to decline after an initial rise. In May 1998, defendants terminated plaintiffs' employment, citing the "business reasons" portion of the contract. Plaintiff Roy E. Moon subsequently received payment of $192,399.92, and plaintiff William Sheehan received payment of $93,600.08.

Plaintiffs thereafter commenced this action, alleging breach of contract, fraudulent inducement, tortious interference with business relations, age discrimination and prima facie tort. After completion of discovery, the parties stipulated that plaintiffs' claims of tortious interference with business relations and prima facie tort would be discontinued without prejudice. Defendants thereafter moved for summary judgment dismissing the remaining causes of action. Plaintiffs cross-moved to, among other things, amend their complaint by adding additional breach of contract and fraud allegations and for summary judgment on their breach of contract claims. Supreme Court denied plaintiffs' cross motion in its entirety, granted defendants' motion for summary judgment on plaintiffs' age discrimination claim and denied the remainder of defendants' motion. The parties cross-appeal.

Initially, we agree with defendants that Supreme Court properly denied plaintiffs' motion to amend their complaint by adding additional claims of breach of contract and fraud. As we have previously explained, " 'leave to amend a complaint rests within the trial court's discretion and should be freely granted in the absence of prejudice or surprise resulting from the delay except in situations where the proposed amendment is wholly devoid of merit' " (*Selective Ins. Co. v Northeast Fire Protection Sys.*, 300 AD2d 883, 883 [2002], quoting *Berger v Water Commrs. of Town of Waterford*, 296 AD2d 649, 649 [2002]; *see* CPLR 3025 [b]). In other words, while delay alone is not a sufficient ground to deny a motion to amend (*see Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]; *New York State Health Facilities Assn. v Axelrod*, 229 AD2d 864, 866 [1996]), "[l]ateness in making a motion to amend, coupled with

the absence of a satisfactory excuse for the delay and prejudice to the opposing party, justifies denial of such a motion" (*Thibeault v Palma*, 266 AD2d 616, 617 [1999]).

Here, although the original complaint and proposed amended complaint both contain breach of contract and fraud claims, the proposed amendment contains a number of previously unpleaded factual allegations and new theories. Indeed, the proposed amendment is a substantial expansion of the original complaint and essentially seeks to replead plaintiffs' case. Our review of the record indicates that plaintiffs' discovery requests, and the hearing on the matter—at the close of which Supreme Court denied many of plaintiffs' requests as overly broad and immaterial—were not sufficient to alert defendants to the claims in the proposed amendment. Moreover, additional discovery and depositions would be required in order to enable defendants to respond to these new claims. Supreme Court properly concluded that permitting plaintiffs to amend their complaint following the filing of a note of issue and the completion of discovery would prejudice defendants. Further, we observe that plaintiffs' explanations for the delay—that they changed counsel and that the litigation was stayed for several months due to a bankruptcy proceeding—are not satisfactory excuses. Accordingly, we find no abuse of discretion in the denial of the motion to amend insofar as plaintiffs sought to expand the factual and legal allegations asserted in the complaint (*see id.* at 617-618; *Seaman v Berman*, 239 AD2d 738, 739-740 [1997]; *cf. Acker v Garson*, 306 AD2d 609, 610, [2003]).

Turning to the parties' summary judgment motions, we conclude that defendants are entitled to summary judgment dismissing plaintiffs' remaining causes of action for breach of contract and fraudulent inducement. In their original complaint, plaintiffs asserted that defendants breached the parties' contract by failing to hire plaintiffs and to use their best efforts to promote plaintiffs' radio program. Indisputably, however, defendants did hire plaintiffs. Additionally, the contract does not contain a provision requiring defendants to use their best efforts to promote plaintiffs' program and plaintiffs fail to allege that the contract is ambiguous with respect to any such obligation. Notably, the contract contained a clause providing that it superseded all prior agreements, whether written or oral, and requiring that the agreement could not be revised except in writing. Inasmuch as "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms"

(*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]) and plaintiffs have failed to raise any triable issues of fact with regard to a breach of the employment agreement's terms, defendants' motion seeking dismissal of this cause of action should have been granted (*see Convenient Med. Care v Medical Bus. Assoc.*, 291 AD2d 617, 618 [2002]).

Further, even if we could construe plaintiffs' claim that defendants failed to hire them as setting forth a wrongful termination claim, as plaintiffs urge us to do, we would reach the same result. The agreement, by its terms, permitted defendants to terminate the contract at any time for "business reasons" including, but not limited to, "a determination by the Company that either one of Mason or Sheehan has ceased to perform the Services in a satisfactory manner." While plaintiffs allege that defendants did not fire them for legitimate business reasons, defendants presented evidence that plaintiffs were terminated because their morning program failed to achieve expected ratings and caused defendants to lose money. We find plaintiffs' evidence disputing that defendants had a legitimate business reason for terminating the contract—an unsubstantiated claim that defendants represented, prior to entering into the contract, that they would be satisfied if plaintiffs' program achieved a 2.5 Arbitron rating, which the program achieved—insufficient to create a triable issue of fact regarding defendants' motives for terminating the contract. Accordingly, we conclude that plaintiffs' breach of contract claims must be dismissed.

With respect to plaintiffs' cause of action for fraudulent inducement, plaintiffs alleged three oral misrepresentations on defendants' part, all of which related to promises or expressions of future expectations. It is settled law that "where * * * a party asserts a fraud cause of action based upon a claim that [the party] was fraudulently induced to enter into a contract, the misrepresentations alleged in the pleadings must be more than merely promissory statements about what is to be done in the future; they must be misstatements of material fact or promises made with a present, albeit undisclosed, intent not to perform them" (*McGovern v Best Bldg. & Remodeling*, 245 AD2d 925, 927 [1997] [internal quotation marks and citations omitted]; *see Todd v Grandoe Corp.*, 302 AD2d 789, 791 [2003]). Inasmuch as plaintiffs fail to show that defendants misrepresented any facts presently existing at the time the parties entered into their agreement, plaintiffs' fraud claims should also have been dismissed.

Finally, we agree with Supreme Court that plaintiffs, on their age discrimination claim, failed to raise a triable issue of fact regarding whether defendants' stated nondiscriminatory reasons for discharging them were pretextual. In order to establish a prima facie case of age discrimination, plaintiffs must establish, by a preponderance of the evidence that "(1) [they are] a member of a protected class, (2) [they were] actively or constructively discharged, (3) [they were] qualified to hold the position, and (4) the discharge occurred under circumstances giving rise to an inference of age discrimination" (*Hardy v General Elec. Co.*, 270 AD2d 700, 701 [2000], *lv denied* 95 NY2d 765 [2000]; *see Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]). Assuming that plaintiffs met this burden, we conclude that defendants rebutted any presumption of discrimination by demonstrating the existence of legitimate, nondiscriminatory reasons for terminating plaintiffs (*see Ferrante v American Lung Assn., supra* at 629; *Arendt v General Elec. Corp.*, 305 AD2d 762, 763 [2003]; *Hardy v General Elec. Co., supra* at 701). Specifically, defendants established valid business reasons—their loss of revenue and the declining ratings of plaintiffs' program. The burden thus shifted back to plaintiffs to raise a triable issue of fact regarding whether defendants' reasons were merely a pretext for discrimination (*see Ferrante v American Lung Assn., supra* at 629-630).

In challenging defendants' stated reasons for terminating them, plaintiffs rely solely upon two statements by defendant David Arcara, who owned 20% of REI, describing plaintiffs as "old ego bound dogs [who] can't learn new tricks," and asserting that "[i]f this were a young new team my response would be to work and develop them." These statements were made in a memorandum primarily discussing defendants' financial losses in connection with plaintiffs' radio program and, taken in context, the comments refer to plaintiffs' flexibility in the face of a perceived need to change or develop their established radio show. We conclude that these stray remarks are insufficient to raise a question as to whether defendants' concern over their financial losses was pretextual (*see Hardy v General Elec. Co., supra* at 703). Further, we observe that these statements were made by the same individual who hired plaintiffs less than a year earlier and, thus, it can be inferred that no discriminatory motive was involved here (*see LeBlanc v Great Am. Ins. Co.*, 6 F3d 836, 847 [1993], *cert denied* 511 US 1018 [1994]; *cf. Carlton v Mystic Transp.*, 202 F3d 129, 137-138 [2000], *cert denied* 530 US 1261 [2000]). In sum, plaintiffs' age discrimination claim was properly dismissed.

Given this conclusion, the remaining claims raised by plaintiffs are academic.

Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as partially denied defendants' motion for summary judgment; motion granted in its entirety and complaint dismissed; and, as so modified, affirmed.