■ RAYMOND E. SMITH, Individually and as Administrator of the Estate of REBEKAH SMITH, Deceased, Respondent, v THOMAS A. HAGGERTY et al., Appellants. [792 NYS2d 217]—

Carpinello, J. Appeal from an order of the Supreme Court (Connor, J.), entered September 21, 2004 in Ulster County, which granted plaintiff's motion for leave to amend the complaint.

Plaintiff and decedent initially commenced this action sounding in medical malpractice in December 1999, alleging that defendants and numerous other medical providers had negligently diagnosed, assessed, surgically operated on and treated decedent's condition, causing her to endure chronic pain and discomfort.* Decedent subsequently died in September 2002. After the release of an autopsy report opining that the cause of her death had been acute intoxication from excessive amounts of medicines that had been prescribed to decedent, plaintiff moved in April 2004, two weeks before the scheduled commencement of trial, to amend the complaint to add a cause of action for wrongful death. Supreme Court granted plaintiff's motion and defendants now appeal.

"Provided that there is no prejudice to the nonmoving party

_____

* Plaintiff has since discontinued his action against these other medical providers.

and the amendment is not plainly lacking in merit, leave to amend pleadings under CPLR 3025 (b) should be freely granted," a discretionary act by the trial court that should not be disturbed in the absence of a clear abuse of such discretion (*State of New York v Ladd's Gas Sta.*, 198 AD2d 654, 654 [1993] [citation omitted]; *see Fahey v County of Ontario*, 44 NY2d 934, 935 [1978]; *Moon v Clear Channel Communications*, 307 AD2d 628, 629 [2003]). Where a plaintiff seeks to amend a complaint alleging medical malpractice to add a cause of action for wrongful death, such motion must be accompanied by "competent medical proof showing a causal connection between the alleged negligence and the decedent's death" (*Ludwig v Horton Mem. Hosp.*, 189 AD2d 986, 986 [1993]; *see Paolano v Southside Hosp.*, 3 AD3d 524, 525 [2004]).

Here, although plaintiff's motion to amend the complaint occurred 1½ years after decedent's death and at least 16 months after the autopsy report was made available, we agree with Supreme Court that defendants have incurred no prejudice therefrom, inasmuch as the wrongful death cause of action is based on facts already pleaded by plaintiff or known to defendants and does not substantially expand plaintiff's original claim (*see Caffaro v Trayna*, 35 NY2d 245, 251 [1974]; *cf. Moon v Clear Channel Communications, supra* at 630; *Thibeault v Palma*, 266 AD2d 616, 617 [1999]). In this regard, we reject defendants' arguments that plaintiff's belated motion prejudiced them in that pharmacy records relating to medications that decedent was taking prior to surgery performed by defendants in 1997 were destroyed. As plaintiff points out, these records, which defendants assert are routinely destroyed after five years, would no longer be extant even had the wrongful death cause of action been added to the complaint the day of decedent's death.

We find equally unpersuasive defendants' contention that their expenditure of time and resources in preparation for the trial constitutes prejudice requiring denial of plaintiff's motion. Supreme Court has adjourned the trial date to allow defendants to conduct additional discovery relevant to the wrongful death cause of action and, in any event, defendants' claim is insufficient to demonstrate that they were "hindered in the preparation of [their] case or [were] prevented from taking some measure in support of [their] position" (*Pritzakis v Sbarra*, 201 AD2d 797, 799 [1994]; *accord Rothberg v Reichelt*, 5 AD3d 848, 849 [2004]). Finally, we conclude that the accompanying affidavit of plaintiff's medical expert sufficiently states a causal connection between defendants' alleged negligence in performing surgery on decedent and her resulting use of the medications

which ultimately resulted in her death (*see Paolano v Southside Hosp., supra* at 525; *Ludwig v Horton Mem. Hosp., supra* at 987). For all of these reasons, therefore, we cannot say that Supreme Court's granting of plaintiff's motion constituted an abuse of discretion under the circumstances.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.