██ Dennis G. Clark, Respondent, v MGM Textiles Indus-
tries, Inc., et al., Defendants, and George Saardi, Appellant.
[794 NYS2d 735]—

Kane, J. Appeal from an order of the Supreme Court (Best,
J.), entered April 23, 2004 in Montgomery County, which, inter
alia, granted plaintiff's motion for leave to amend the complaint.

A more detailed statement of the facts in this case may be
found in this Court's prior decision (307 AD2d 520 [2003]). As
is relevant here, plaintiff commenced this Labor Law article 6
action in 1986 to recover unpaid wages. In March 2004, midway
through a bench trial, plaintiff orally moved for leave to amend
the complaint to add a claim that defendant Georges Saardi
(hereinafter defendant) was an owner of plaintiff's former
employer, defendant MGM Textiles Industries, Inc. Defendant
objected to the motion and orally moved to dismiss the
complaint. Supreme Court granted plaintiff's motion and
reserved judgment on defendant's motion, prompting this ap-
peal.

Because defendant was prejudiced by plaintiff's unexcused
delay, Supreme Court erred in granting plaintiff's motion. We
recognize that leave to amend pleadings is generally freely given,
and the trial court has discretion in granting such motions (*see*
CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York*, 60
NY2d 957, 959 [1983]; *Rothberg v Reichelt*, 5 AD3d 848, 849
[2004]). While delay alone is insufficient to deny a motion to
amend, when unexcused lateness is coupled with prejudice to
the opposing party, denial of the motion is justified (*see Moon v
Clear Channel Communications*, 307 AD2d 628, 629-630 [2003]).

Plaintiff offered no explanation for his failure to plead, in his
complaint or bill of particulars, that defendant was liable based
on his status as an owner or stockholder of MGM. Plaintiff
waited 18 years after filing his complaint, until after a pretrial
conference which included a discussion that plaintiff's action
could only survive if defendant was an owner or shareholder of
the employer (*see Stoganovic v Dinolfo*, 92 AD2d 729 [1983],
*affd* 61 NY2d 812 [1984]), and after the trial had commenced to
raise these allegations. In fact, this Court made plaintiff aware

of his failure to plead these allegations in our prior decision (307 AD2d 520, 521-522 [2003], *supra*), yet plaintiff failed to move to amend even at that late point. A codefendant testified in a 1988 examination before trial that he was the sole stockholder of MGM until 1987 and defendant had no ownership interest. The codefendant is a Canadian citizen beyond the subpoena power of the court. The whereabouts of corporate books and records are unknown at this point, not surprising considering that the corporation was sold to nonparties in 1987. Plaintiff's delay deprived defendant of the opportunity to obtain corporate information when it most likely would have been available, considering that defendant had no reason to obtain those records without any allegation that he owned MGM.

Based on the prejudice to defendant flowing from plaintiff's unexcused delay in raising these new allegations, Supreme Court abused its discretion in permitting plaintiff to amend its complaint at this late juncture. Without any allegations that defendant was an owner or stockholder of MGM, there is no basis for liability against him (*see Stoganovic v Dinolfo, supra*), and the complaint against him should be dismissed.

Cardona, P.J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law and the facts, with costs, plaintiff's motion denied, defendant Georges Saardi's motion granted, and complaint dismissed against him.