■ LOUISE HARRIS et al., Appellants, v JIM's PROCLEAN SERVICE, INC., et al., Respondents. [825 NYS2d 291]—

Spain, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered July 9, 2005 in Saratoga County, which denied plaintiffs' motion for leave to amend and supplement their bill of particulars.

In this personal injury action, plaintiffs allege that while employed as an anesthesiologist at defendant Glens Falls Hospital, plaintiff Louise Harris was exposed to harmful levels of the latex antigen and other contaminants during a latex abatement project at the hospital conducted by defendants Risk

Management Associates, Marriott Management Services and Jim's Proclean Service, Inc. This action was commenced by plaintiff and her husband, derivatively, in June 1999. Plaintiffs served an amended complaint in February 2000. Following years of extensive discovery, plaintiffs filed a note of issue and certificate of readiness for trial on February 25, 2004. A trial date was set for January 24, 2005, and Supreme Court ordered that any motions for summary judgment be filed by July 16, 2004.

On the eve of that deadline, defendants requested a two-week extension to file their motions for summary judgment. Plaintiffs offered to consent to the extension on the condition that defendants consent to accept an amended bill of particulars without objections. Defendants rejected plaintiffs' offer, prompting Supreme Court to order plaintiffs to file a formal motion seeking leave to serve an amended bill of particulars and, as a result, to strike the note of issue and remove the case from the trial calendar. The court ultimately denied plaintiffs' motion to amend and supplement their bill of particulars, finding that their unexcused delay in requesting the amendment would prejudice defendants. On plaintiffs' appeal, we affirm.

" 'It is well settled that a motion to amend the complaint is addressed to the sound discretion of the [trial] court and, in the absence of a clear abuse of such discretion, the determination will not be disturbed on appeal' " (*Albany-Plattsburgh United Corp. v Bell*, 307 AD2d 416, 420 [2003], *lv denied* 1 NY3d 620 [2004], quoting *Aiello v Manufacturers Life Ins. Co. of N.Y.*, 298 AD2d 662, 662 [2002], *lv dismissed and denied* 99 NY2d 575 [2003]). The decision to deny the instant motion also lies within Supreme Court's discretion (*see Sadler v Town of Hurley*, 304 AD2d 930, 931 [2003]; *Thibeault v Palma*, 266 AD2d 616, 617 [1999]). "While leave to amend a complaint or supplement a bill of particulars ordinarily should be freely granted, '[l]ateness in making a motion to amend, coupled with the absence of a satisfactory excuse for the delay and prejudice to the opposing party, justifies denial of such a motion' " (*Sadler v Town of Hurley, supra* at 931 [citations omitted], quoting *Thibeault v Palma, supra* at 617). Further, where—as here—the case has been certified as ready for trial, a trial court's discretion to grant a motion to amend should be exercised with caution (*see Albany-Plattsburgh United Corp. v Bell, supra* at 421; *Sadler v Town of Hurley, supra* at 931).

Plaintiffs argue that it was an abuse of discretion for Supreme Court to deny their motion because their proposed bill of particulars sought "merely to amplify the prior allegations of negligence and injuries" and did not raise any new facts or the-

ories of law. In each of plaintiffs' original bills of particulars (initially plaintiffs provided separate bills of particulars to each defendant), using substantially identical language, plaintiffs alleged that Harris was exposed to increased levels of latex, dust mites and other "toxins" or "contaminants." In the proposed bill of particulars offered to all defendants, plaintiffs allege that Harris was injured as a result of exposure to "latex, dust, dust mites, dust mite feces, silica dust, asbestos, mildew, construction dust, mold allergens, insect allergens, animal allergens, bacteria and their endotoxins, pollen, pathogens, irritants, mineral fibers and other unknown environmental and toxic agents and substances." We cannot agree with plaintiffs that, at this late stage of the litigation, this extensive—yet still indefinite—list of allegedly harmful substances could be viewed as a mere amplification of the catch-all language found in the original bills of particulars. Although plaintiffs supported their motion to amend with affidavits which identified these substances as potential contributing factors to Harris's alleged injuries, no explanation is provided as to why this information was not identified earlier in the litigation.

In addition, plaintiffs included in their proposed bill of particulars an allegation of liability premised on defendants' "failure to warn, instruct and educate those lawfully on the premises regarding the risks and hazards associated with the [abatement] project and exposure to the materials and substances in the duct work." The original bills of particulars included a theory of liability based on "failing to warn [Harris] and others working at the Glens Falls Hospital of the possible health risks associated with the latex abatement project." Inasmuch as a failure to warn was a basis for liability in the original pleading, the proposed change appears, as with the expansion of the list of allegedly dangerous substances, an attempt to expand the scope of the alleged hazards beyond latex, which clearly was the focus of the parties' discovery efforts over the past five years. Under these circumstances, where extensive discovery involving complex medical issues has been completed and almost five years had passed since the service of the original amended complaint, we cannot say that it was an abuse of Supreme Court's discretion to deny plaintiffs' motion (*see Clark v MGM Textiles Indus., Inc.*, 18 AD3d 1006, 1007 [2005]; *Albany-Plattsburgh United Corp. v Bell, supra* at 421; *Sadler v Town of Hurley, supra* at 931).

Plaintiffs' alternate argument—that they are entitled to amend their bill of particulars as of right under CPLR 3042

(b)—was not raised before Supreme Court and, thus, is unpreserved for appellate review. In any event, we find unpersuasive plaintiffs' argument that its motion should be treated as if the note of issue had not yet been filed. When Supreme Court struck the note of issue some 10 months after it was filed and removed the case from the trial calendar, it did so specifically to accommodate plaintiffs' eleventh-hour motion to amend their bill of particulars and to thereafter permit summary judgment motions within mandated motion deadlines, distinguishing this case from those where the note of issue was struck in full anticipation of further discovery (*cf. Vargas v Villa Josefa Realty Corp.*, 28 AD3d 389, 390 [2006]; *Leach v North Shore Univ. Hosp. at Forest Hills*, 13 AD3d 415, 416 [2004]; *but cf. Reitman v St. Francis Hosp.*, 2 AD3d 429, 430 [2003]). Under these circumstances, we hold that plaintiffs have not demonstrated their entitlement to amend their bill of particulars as of right (*see* CPLR 3042 [b]).

Peters, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with one bill of costs.