■ Russell P. Thomas et al., Appellants, v Robert K. Laustrup, Defendant, and Estate of Doris G. Laustrup, Respondent. [825 NYS2d 555]—

Peters, J. Appeal from an order of the Supreme Court (Aulisi, J.), entered November 22, 2005 in Warren County, which, inter alia, denied plaintiffs' cross motion to amend the ad damnum clause of the complaint.

Having fully reviewed this matter on a prior appeal (21 AD3d 688 [2005]), we need only review those facts relevant here. Plaintiffs had contracted with defendant Robert K. Laustrup in March 1996 to purchase the Tea Island Motel located in the Town of Lake George, Warren County. In connection therewith, Laustrup signed a contract on behalf of himself and his wife, Doris G. Laustrup, through a power of attorney. Four days prior to the scheduled closing, Laustrup sought to cancel the contract by contending that he signed it without proper representation. Plaintiffs commenced an action for specific performance neglecting, however, to include an alternative demand for money damages. Laustrup's answer included numerous defenses, which included his wife's incompetency at the time that she signed the power of attorney which he used, on her behalf, to execute the contract of sale. Laustrup died while the action was pending, leaving his interest in the property to his wife. When she subsequently died, the property was left to their children.

In November 2004, the administrator of Doris Laustrup's estate moved for summary judgment and a substitution of the estate as defendant. By consent of the parties, Supreme Court

granted the substitution and partially granted the estate's motion for summary judgment, dismissing the cause of action for specific performance. Supreme Court did, however, state that it would "hold open" plaintiffs' claim for money damages. It noted that "the record regarding [Doris] Laustrup's competency is replete with issues of fact" as it pertained to her execution of the power of attorney used to execute the contract. Both plaintiffs and the estate appealed that decision to this Court, which affirmed the findings of Supreme Court (*id.*).

Thereafter, plaintiffs cross-moved for leave to amend the ad damnum clause, pursuant to CPLR 3025 (b), to assert a claim for money damages based upon the alleged breach of contract. Upon a denial of that cross motion, plaintiffs appealed.

It is by now well settled that "in the absence of prejudice to the defendant, a motion to amend the ad damnum clause, whether made before or after the trial, should generally be granted" (*Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23 [1981]). However, "the decision whether to permit an amendment to a pleading is one that lies in the discretion of the trial court . . . [which] will not lightly be set aside" (*U.W. Marx, Inc. v Mountbatten Sur. Co.*, 290 AD2d 621, 623 [2002] [internal quotation marks and citations omitted]). While we recognize, as did Supreme Court, that plaintiffs sought this amendment more than nine years after the commencement of the action, their request for an amendment to the ad damnum clause arose only when Supreme Court held, and this Court affirmed, that the remedy of specific performance was not available and the issue of a breach of the contract remained viable. "Mere lateness in seeking such relief is not in itself sufficient to bar amendment. Significant prejudice to the other side must be established in addition to lateness" (*State of New York v Super Value*, 257 AD2d 708, 710 [1999], *lv denied* 93 NY2d 815 [1999] [citation omitted]).

We discern no such prejudice. The amendment does not seek to add a new cause of action or a new party; it merely changes the ad damnum clause by asserting a legal remedy. As to its merit, the basis for the preclusion of the specific performance claim does not impact upon the breach of contract claim predicated upon an anticipatory repudiation (*see American List Corp. v U.S. News & World Report*, 75 NY2d 38, 44 [1989]). Thus, the predominant issue is whether Doris Laustrup was incompetent at the time that she executed the power of attorney such that the contract executed on her behalf would be voidable at the election of the estate (*see Cole v Lawas*, 116 AD2d 936, 937 [1986]). In light of the procedural history of this case, we

find plaintiffs' motion to amend the ad damnum clause to be properly supported (*see Wise v Greenwald*, 194 AD2d 850, 851 [1993]; *Mathiesen v Mead*, 168 AD2d 736, 737 [1990]) and it was error not to have permitted the amendment.

Cardona, P.J., Spain, Mugglin and Kane, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as denied plaintiffs' cross motion; cross motion granted; and, as so modified, affirmed.