In the Matter of SENIOR CARE SERVICES, INC., Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [847 NYS2d 264]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Stein, J.), entered August 28, 2006 in Albany County, which, among other things, dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent Department of Health denying petitioner's application to be an enrolled Medicaid provider.

Petitioner is a provider of incontinence products whose principal place of business is in Colorado. In January 2004, petitioner's application to become a provider of durable medical equipment (hereinafter DME) for the New York State Medicaid program was denied by the Office of Medicaid Management's Bureau of Enrollment (hereinafter OMM) of respondent Department of Health because there were no "unmet needs for mail order durable medical supplies" that petitioner sought to provide to Medicaid recipients. Petitioner thereafter requested the reconsideration of the decision and explained that, inasmuch as its survey of health care agencies located in New York indicated that there was an unmet need for its products and services, OMM's denial of its application was arbitrary and capricious. Petitioner also insisted that the denial of its application was in violation of the Commerce Clause of the US Constitution and a provision of the federal Medicaid statute (see 42 USC § 1396a [a] [23]). OMM's Division of Medicaid Fraud Control and Program Integrity informed petitioner that the denial of petitioner's enrollment application had been affirmed.

Petitioner commenced the instant hybrid CPLR article 78 proceeding and declaratory judgment action against the Department and respondent Commissioner of Health seeking, among other things, the annulment of OMM's denial of its application. Following joinder of issue and the completion of discovery, petitioner moved in February 2006 for leave to amend the petition to allege that the Department's policy constituted an unadopted rule in violation of the State Administrative Proce-

dure Act and NY Constitution, article IV, § 8, and for summary judgment in its favor. Supreme Court denied petitioner's motion to amend and for summary judgment and dismissed the petition in its entirety. Petitioner now appeals, raising the same issues.

First, Supreme Court denied petitioner's motion to amend the pleadings because the motion was both untimely and lacking in merit. A motion to amend may be granted where the nonmovant would suffer no prejudice and the amendment is not plainly lacking in merit (see CPLR 3025 [b]; Smith v Haggerty, 16 AD3d 967, 967-968 [2005]). However, " '[l]ateness in making a motion to amend, coupled with the absence of a satisfactory excuse for the delay and prejudice to the opposing party, justifies denial of such a motion' " (Sadler v Town of Hurley, 304 AD2d 930, 931 [2003], quoting Thibeault v Palma, 266 AD2d 616, 617 [1999]). Whether to grant or deny leave to amend a pleading lies solely within the discretion of the trial court and its determination will not be disturbed on appeal absent a clear abuse of discretion (see Harris v Jim's Proclean Serv., Inc., 34 AD3d 1009, 1010 [2006]; Albany-Plattsburgh United Corp. v Bell, 307 AD2d 416, 420 [2003], lv denied 1 NY3d 620 [2004]). Here, we find no abuse of discretion, but affirm primarily because the proposed amendment is without merit. Petitioner's core argument is that OMM's internal policy against admitting DME providers who supply their goods via mail order delivery and do not have a storefront presence in New York is a rule which has not been properly promulgated in violation of NY Constitution, article IV, § 8 and State Administrative Procedure Act article 2.

It is now settled that " 'only a fixed, general principle to be applied by an administrative agency without regard to other facts and circumstances relevant to the regulatory scheme of the statute it administers constitutes a rule or regulation' " that must be filed with the Secretary of State under the NY Constitution and State Administrative Procedure Act (Matter of New York City Tr. Auth. v New York State Dept. of Labor, 88 NY2d 225, 229 [1996], quoting Matter of Roman Catholic Diocese of Albany v New York State Dept. of Health, 66 NY2d 948, 951 [1985]). Here, the evidence submitted by respondents is that, commencing in January 1998, they adopted a general policy—but not an absolute ban—against mail order delivery of DME due to a variety of problems, including theft of such devices in both urban and rural areas, difficulty in verifying delivery and consequent increased cost of the Medicaid program. This evidence demonstrates that the "no home delivery" policy was not "a rigid . . . policy invariably applied across-the-board

. . . without regard to individualized circumstances or mitigating factors" that would come within the reach of the State Administrative Procedure Act (*Matter of Schwartfigure v Hartnett*, 83 NY2d 296, 301 [1994]). Thus, the proposed amendment is without merit.

Next, petitioner claims that OMM's denial of its application was premised upon the unsubstantiated contention that there were "no unmet needs" that required petitioner's services and, therefore, it was arbitrary and capricious. Moreover, petitioner contends that it was denied an effective appeal of OMM's denial of its application inasmuch as OMM neglected to articulate the true reason for such denial.

Our inquiry is limited to whether the denial of petitioner's application was arbitrary, capricious or affected by error of law (*see Matter of Metacarpa v Johnson*, 268 AD2d 938, 939 [2000]). The determination of an administrative agency need only have a rational basis (*see Matter of County of Monroe v Kaladjian*, 83 NY2d 185, 189 [1994]; *Matter of University Hgts. Nursing Home v Chassin*, 245 AD2d 776, 778 [1997]). Here, based on the existence of over 4,000 facilities in the state which supply incontinence products, the total lack of consumer complaints of an inability to obtain such products and in light of the broad regulatory discretion that OMM has to assess the Medicaid program's needs for certain medical products and services and to limit the enrollment of providers accordingly, it cannot be said that the denial of petitioner's application was arbitrary and capricious (*see e.g. Matter of Ex-L Ambulette v Commissioner of N.Y. State Dept. of Social Servs.*, 268 AD2d 431, 432 [2000], *lv denied* 95 NY2d 753 [2000]; *see also Matter of Melone v New York State Dept. of Social Servs.*, 233 AD2d 548, 548 [1996]). Also, the record reveals that petitioner was not denied an appropriate appeal. Where an applicant seeks reconsideration of a denial of an enrollment application, the applicant bears the burden of presenting "documentation or arguments which would controvert the reason for the denial or disclose that the denial was based upon a mistake of fact" (18 NYCRR 504.5 [e] [2]). According due deference to OMM's interpretation of the relevant regulations and their application to petitioner's application, no basis exists to reverse its decision declining the same (*see Matter of University Hgts. Nursing Home v Chassin*, 245 AD2d at 777).

Finally, petitioner claims that the denial of its application violates the "free choice of provider" provision of the federal Social Security Act and the Commerce Clause of the US Constitution. Since the "free choice of provider" provisions bestow

legal rights upon Medicaid *recipients*, petitioner lacks standing to assert this claim (*see* 42 USC § 1396a [a] [23]; *Matter of Hebel v West*, 25 AD3d 172, 175 [2005], *lv denied* 7 NY3d 706 [2006]). Petitioner's reliance on the Commerce Clause of the US Constitution is equally unavailing. Respondents' general policies against mail order delivery and requiring a storefront presence have a sound, rational basis, are applied indiscriminately to both in-state and out-of-state DME suppliers, with only an incidental effect on interstate commerce, and do not discriminate against interstate commerce (*see Oregon Waste Systems, Inc. v Department of Environmental Quality of Ore.*, 511 US 93, 99 [1994]; *City of New York v State of New York*, 94 NY2d 577, 596 [2000]).

Cardona, P.J., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.