■ GEORGE M. CIARELLI et al., Appellants, v CHRISTOPHER LYNCH et al., Respondents. [847 NYS2d 694]—

Mercure, J.P. Appeal from an order of the Supreme Court (Lamont, J.), entered January 25, 2007 in Schoharie County, which, among other things, partially denied plaintiffs' motion for leave to amend their pleadings.

Upon defendants' prior appeal from a jury verdict in this action to quiet title, this Court concluded that Supreme Court (Malone, Jr., J.) had erred when charging the jury by sua sponte introducing an unpleaded affirmative defense to defendants' counterclaims alleging that they possessed an easement across plaintiffs' property (22 AD3d 987 [2005]).* Accordingly, we granted defendants' motion to set aside the verdict, and remitted to Supreme Court for a determination on whether plaintiffs should be permitted to amend their pleadings (*id.*). Thereafter, plaintiffs moved to amend their pleadings to include affirmative defenses of adverse possession and extinguishment by conveyance to a bona fide purchaser without knowledge of the easement. Supreme Court (Lamont, J.) granted the motion insofar as plaintiffs sought to assert adverse possession, but denied the motion with respect to the extinguishment by conveyance defense. Plaintiffs appeal and we now affirm.

It is well settled that " '[p]rovided that there is no prejudice

---

* A more thorough recitation of the underlying facts may be found in our prior decision.

to the nonmoving party and the amendment is not plainly lacking in merit, leave to amend pleadings under CPLR 3025 (b) should be freely granted' " (*Smith v Haggerty*, 16 AD3d. 967, 967-968 [2005], quoting *State of New York v Ladd's Gas Sta.*, 198 AD2d 654, 654 [1993]; *see Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]). Nevertheless, " 'the decision whether to permit an amendment to a pleading is one that lies in the discretion of the trial court . . . [which] will not lightly be set aside' " (*Thomas v Laustrup*, 34 AD3d 1115, 1116 [2006], quoting *U.W. Marx, Inc. v Mountbatten Sur. Co.*, 290 AD2d 621, 623 [2002] [internal quotation marks and citations omitted]). Although " '[m]ere lateness in seeking such relief is not in itself sufficient to bar amendment' " (*Thomas v Laustrup*, 34 AD3d at 1116, quoting *State of New York v Super Value*, 257 AD2d 708, 710 [1999], *lv denied* 93 NY2d 815 [1999]), denial of a motion to amend is appropriate when there is prejudice to the opposing party and no showing of a satisfactory excuse for the delay (*see Harris v Jim's Proclean Serv., Inc.*, 34 AD3d 1009, 1010 [2006]; *Sadler v Town of Hurley*, 304 AD2d 930, 931 [2003]). Here, we agree with Supreme Court that plaintiffs have not demonstrated any excuse for the delay and that the proposed amendment both introduces a new legal theory and sets forth new facts based upon a transaction that occurred over 50 years ago. Given the absence of any excuse and "the significant passage of time since this [transaction], permitting plaintiffs to assert additional claims at this late juncture would prejudice defendants," and the court did not abuse its discretion in partially denying the motion (*Thibeault v Palma*, 266 AD2d 616, 617 [1999]; *see Harris v Jim's Proclean Serv., Inc.*, 34 AD3d at 1011; *Sadler v Town of Hurley*, 304 AD2d at 931; *cf. Thomas v Laustrup*, 34 AD3d at 1116).

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.