Lahtinen, J.
Appeal from an order of the Supreme Court (Demarest, J), entered July 25, 2011 in Franklin County, which denied plaintiffs motion for leave to amend the complaint.
In August 2002, a sewer backup allegedly occurred in the basement of plaintiffs home in the Village of Saranac Lake, Franklin County, causing considerable damage. The house had suffered an earlier backup in 1991 and, following the August 2002 backup, plaintiff served a notice of claim on defendant and, in October 2002, she commenced this action. In May 2007, plaintiff filed a note of issue. However, the note of issue was struck to allow for motions, and defendant then moved for summary judgment dismissing the complaint. Supreme Court, in May 2008, dismissed so much of the claim as was premised upon negligent design, but found factual issues as to whether *1090 negligent maintenance caused the August 2002 incident. Defendant moved in April 2010 to dismiss for want of prosecution and that motion was eventually denied. In March 2011, plaintiff moved to amend her complaint to assert a continuing wrong, set forth alleged additional sewer backups in September 2005, February 2006 (twice), October 2006 (twice), May 2008 and April 2009, and to contend that, following the April 2009 backup, she developed serious illnesses related to the sewer backup. Supreme Court denied the motion to amend and plaintiff appeals.
“It is well settled that a motion to amend the complaint is addressed to the sound discretion of the [trial] court and, in the absence of a clear abuse of such discretion, the determination will not be disturbed on appeal” (Harris v Jim’s Proclean Serv., Inc., 34 AD3d 1009, 1010 [2006] [internal quotation marks and citations omitted]; see Davis v Wyeth Pharms., Inc., 86 AD3d 907, 908 [2011]). “While leave to amend a complaint . . . ordinarily should be freely granted, [l]ateness in making a motion to amend, coupled with the absence of a satisfactory excuse for the delay and prejudice to the opposing party, justifies denial of such a motion” (Albany-Plattsburgh United Corp. v Bell, 307 AD2d 416, 420-421 [2003], lv dismissed and denied 1 NY3d 620 [2004] [internal quotation marks and citations omitted]; see Vermont Mut. Ins. Co. v Mowery Constr., Inc., 96 AD3d 1218, 1219 [2012]; Clark v MGM Textiles Indus., Inc., 18 AD3d 1006, 1006 [2005]). Further, where a plaintiff files a note of issue certifying that the case is ready for trial and subsequently seeks to amend the complaint, “a trial court’s discretion to grant a motion to amend should be exercised with caution” (Harris v Jim’s Proclean Serv., Inc., 34 AD3d at 1010; see Albany-Plattsburgh United Corp. v Bell, 307 AD2d at 421; Sadler v Town of Hurley, 304 AD2d 930, 931 [2003]).
Plaintiff’s notice of claim, which was served in September 2002, contained language indicating that plaintiff might be pursuing a claim premised, in part, upon a continuing wrong. However, the complaint served a month later did not assert a cause of action based upon any continuing tort theory. By the time plaintiff served her note of issue in May 2007, several of the additional backups had apparently occurred, nonetheless her bill of particulars was not amended or supplemented nor was any effort made to amend her complaint to assert further incidents or additional theories. The May 2007 note of issue was struck and followed by defendant’s motion for summary judgment, which served to narrow plaintiff’s claim. In response to the motion, plaintiff did not seek to add any continuing tort *1091 theory. The effort to assert such a theory in the complaint was not made until over eight years after the complaint had been served and nearly four years after plaintiff had first certified that the case was ready for trial. While reasons were advanced for some short portions of the delay, particularly during the year 2010, overall there was an inadequate explanation for the lengthy delay.
Further, defendant has established prejudice caused by the delay. Defendant was aware of some, but not all, of the subsequent backups and, thus, was unable to investigate regarding the ones for which it had no notice. Plaintiff acknowledges that her proposed amendments will necessitate reopening discovery, which she certified as being completed in May 2007. The lengthy amount of time that has passed would likely severely diminish the usefulness of such discovery. In light of the lengthy unexcused delay and prejudice resulting therefrom, we are constrained to conclude that Supreme Court did not clearly abuse its discretion in denying plaintiff’s motion to amend her complaint.
Peters, PJ., Stein, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.